LEAL v. MOGLIA. (No. 5801.)

(Court of Civil Appeals of Texas. San Antonio.
Feb. 28, 1917.)

1. JUDICIAL SALES ⬳61—CONVEYANCE—CER-
TAINTY OF DESCRIPTION—SURVEY.

A sheriff's deed description of property as
one-half of survey 671, being 338½ acres in
a certain county, while not void, is insufficient
unless aided by extrinsic evidence, where there
might be other surveys of the same number in
the same county, and the evidence indicates the
acreage number was wrong.

[Ed. Note.—For other cases, see Judicial Sales,
Cent. Dig. §§ 119–122.]

2. TRESPASS TO TRY TITLE ⬳38(1)—BURDEN
OF PROOF—DESCRIPTION OF DEED.

In trespass to try title, plaintiff, claiming
under a sheriff's deed in which the description
was insufficient without aid of extrinsic evi-
dence, had the burden of offering such proof.

[Ed. Note.—For other cases, see Trespass to
Try Title, Cent. Dig. § 53.]

3. TRIAL ⬳60(1)—EVIDENCE DEPENDENT ON
PRELIMINARY PROOF.

In trespass to try title, a sheriff's deed
whose description was insufficient without aid
of extrinsic evidence should have been excluded,
where such extrinsic evidence was not offered.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 141–143.]

4. APPEAL AND ERROR ⬳1177(5) — DISPOSI-
TION—REMAND WITHOUT ENTRY OF JUDG-
MENT.

Where a judgment for plaintiff in trespass
to try title was reversed upon assignments re-
lating to the admission of evidence, the case
will be remanded for another trial, instead of
entering judgment for defendant in the Court of
Civil Appeals.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 4607.]

Appeal from District Court, Webb County;
J. F. Mullally, Judge.

Trespass to try title by Lod Moglia against
Esteban Leal and Antonio Rios. Judgment
for plaintiff, and defendant Leal appeals.
Reversed and remanded as to appellant.

Mann & Henry, of Laredo, for appellant.
Greer & Hamilton, of Laredo, for appellee.

MOURSUND, J. Lod Moglia sued Esteban
Leal and Antonio Rios in trespass to try ti-
tle, seeking to recover survey No. 671, con-
taining 640 acres of land, and survey No.
459, containing 53.5 acres of land, both of
which surveys are described as situated in
Webb county. Defendant Rios failed to an-
swer. Defendant Leal answered by general
demurrer and plea of not guilty. Judgment
was rendered in favor of plaintiff against
Rios for one-half of survey 671, "containing
301.8 acres of land," and survey No. 459,
containing 53.5 acres of land, and against
Leal "one-half of survey No. 671 containing
338½ acres," said lands being described as
situated in Webb county, Tex.

On May 4, 1914, Lod Moglia recovered a
judgment against Leal and Rios, defendants
herein, for $865.87 and costs of suit, as well
as for foreclosure of an attachment lien,
which had been levied upon the property de-
scribed in the judgment as follows: "One-
half of survey No. 671, being 301.5 acres of
land, and survey 459, containing 53.5 acres
of land, situate in Webb county, Tex."—lev-
ied upon as the property of Antonio Rios,
and one-half of survey 671, being 338½ acres
of land in Webb county, Tex., as the property
of Esteban Leal. Order of sale was issued
upon said judgment which contained the
same descriptions of the land to be sold.
The sheriff's return reciting the levy of said
writ and the sale thereunder also contains
the same description of the lands, and so
does his deed to Lod Moglia, who became the
purchaser at such sale. Certified copies of
the judgment, order of sale with officer's re-
turn and sheriff's deed, were admitted in evi-
dence over appellant Leal's objections, and
by appropriate assignments of error he at-
tacks the rulings relating to the admission in
evidence of said instruments, which consti-
tuted the entire evidence in the case. He
objected on the ground that the description
of the land was insufficient; that it did not
describe the land with such certainty as the
law requires, or in such manner as to iden-
tify it with any degree of certainty, nor does
it refer to any record or other facts by which
the land could be identified with any degree
of certainty. The further objection was
made to the deed that it was evident the bid-
ders did not know what land was being sold,
otherwise so much land would not have been
required to be sold for such a small sum.
The descriptions were not aided by any ex-
trinsic evidence showing what land was own-
ed by appellant at the time of the levy of the
attachment, or that there was only one sur-
vey in Webb county numbered 671. We must
therefore decide, in passing upon the admis-
sibility of the instruments, whether the de-
scriptions standing alone are sufficient.

[1-3] The duplication of survey numbers
may occur in a county, and unaccompanied
by a reference to either the abstract number,
certificate number, or name of the original
grantee, a description alone by survey num-
ber shows no certainty that the land can be
identified. In the instruments referred to
the land is described as one-half of survey
No. 671, being 338½ acres of land in Webb
county. This description indicates that the
survey is one of 677 acres, but whether the
half levied upon is an undivided half or a
certain half is not described. The description
of the lands of Rios levied upon, instead
of aiding the description of the land levied
upon as the property of Leal, makes it more
uncertain, for it calls for one-half of survey
671, being 301.5 acres. According to such de-
scription, there is a survey No. 671 which
contains 603 acres. However, taking this to
be the same survey, it is apparent that it was
supposed Leal owned 338½ acres, and not
one-half, and that Rios owned 301½ acres,

making 640 acres, which is the acreage described in plaintiff's petition as embraced in the survey sued for. We are of the opinion that the sheriff's deed and its supporting instruments cannot be declared void for uncertainty, for it is not apparent that it cannot be ascertained from the description therein given, aided by extrinsic evidence, what property was intended to be levied upon, sold, and conveyed. Hermann v. Likens, 90 Tex. 448, 39 S. W. 282; Pierson v. Sanger Bros., 93 Tex. 160, 53 S. W. 1012; Wilson v. Smith, 50 Tex. 365; Williams v. McComb, 163 S. W. 654; Edrington v. Hermann, 97 Tex. 193, 77 S. W. 408; Welles v. Arno Co-operative Irrigation Co., 177 S. W. 985; Waterhouse v. Gallup, 178 S. W. 773. But we conclude that, unaided by extrinsic evidence, the descriptions cannot be said to have been sufficient to enable the bidders to identify it and know what was being sold. The duty rested upon the party who offered these instruments in evidence to show that they were entitled to probative value; that in fact they were sufficient, aided by extrinsic evidence, to identify the land. This duty was not performed, and, objection having been made to the instruments, they should have been excluded. We therefore sustain the assignments of error.

The judgment against Leal is for one-half of survey 671, containing 338½ acres, which description is as indefinite as that contained in the instruments relied upon. It occurs to us the petition should describe the land sued for fully, in order that, if the extrinsic evidence is of such character as to render certain the description in the sheriff's deed, a judgment can be rendered which will adequately describe the land recovered so that from such description the sheriff can deliver possession thereof.

[4] We are asked to render judgment in favor of appellant. The only assignments relate to the admission of evidence, and we deem it proper to remand the cause for another trial.

The judgment, in so far as it relates to the appellant Leal, is reversed, and the cause remanded; but the remainder of the judgment will not be disturbed.