**LEMM v. KRAMER et al.** (No. 594.)

(Court of Civil Appeals of Texas. Beaumont. May 19, 1920.)

1. Mortgages ⊙⟶154(4)—Reference in sheriff's return not notice of deed.

A reference in a sheriff's return in an attachment action to a deed from "F. L. Perry" to "J. P. McCasland" was not notice to a subsequent incumbrancer of a deed from "E. F. Perry" to "I. P. McCasland," in the absence of a showing that "E. F." Perry was known as "F. L." Perry or that "I. R." McCasland was known as "J. P." McCasland.

2. Mortgages ⊙⟶186(3)—Burden on defendant in foreclosure to identify land claimed under attachment as that covered by trust deed.

In a proceeding to foreclose a deed of trust lien on real estate, the burden was upon a defendant whose title was based on an attachment proceeding antedating the trust deed to introduce extrinsic evidence identifying the land claimed by him as the land in controversy; extrinsic evidence being necessary to explain terms used in the sheriff's return.

3. Mortgages ⊙⟶580—Plaintiff held entitled to costs on foreclosure notwithstanding third persons recovered land.

In an action for debt and to foreclose a deed of trust lien on real estate, where plaintiff obtained judgment for the debt, he was entitled to costs, notwithstanding that third persons recovered the property in the action.

Appeal from District Court, Harris County; Henry J. Dannanbaum, Judge.

Action by Eli Lemm against D. F. Kramer and others. From an adverse judgment, the plaintiff and one of the defendants appeal. Reversed, and remanded for new trial.

Jones & Jones, of Houston, for appellants.

Elbert Roberts, Jno. C. Williams, and W. P. Noblett, all of Houston, for appellees.

WALKER, J. This action was instituted by appellant Eli Lemm against D. F. Kramer for debt and to foreclose a deed of trust lien on certain real estate. He further alleged that the defendants Elise Kramer, wife of D. F. Kramer, Chas. Gennusa, Bettie W. Miller, and J. B. Farthing Lumber Company were asserting some sort of claim to the property. Kramer and wife answered by general demurrer, plea of not guilty, and she specially pleaded that she held under purchase from one York. Gennusa answered, in effect, that he was holding the property under deeds from D. F. Kramer by virtue of foreclosure of an attachment lien, the property having been sold to the J. B. Farthing Lumber Company, and by the lumber company to Mrs. Bettie Miller, and by her to him. The answers of Mrs. Miller and J. B. Farthing Lumber Company were to the same effect.

In a suit styled J. B. Farthing Lumber Company v. D. F. Kramer a writ of attachment was issued, and the sheriff's return shows the following levy:

"Came to hand on the 1st day of October, 1914, at 2 o'clock p. m., executed on the 1st day of October, 1914, at 2:30 o'clock p. m. at Houston, in Harris county, Tex., by levying the same upon the following described lots, tracts, and parcels of land, to wit:

"Those certain lots lying and being situated in the John Austin 2-league grant in Harris county, Tex., north of White Oak Bayou, each being a part of the former Grota homestead, and part of the Germantown site survey, each also being a part of a certain 2-league tract of land conveyed by F. L. Perry and Louise Perry to J. P. McCasland, tract No. 1 being described by metes and bounds as follows: Beginning at the south line on said 2-acre tract at a point 260 feet west of the southwestern corner of said tract, etc.

"Tract No. 2 being also out of and a part of the two-acre tract conveyed by F. L. Perry and Louise Perry to J. S. McCasland, and being described by metes and bounds as follows, etc., being the same land conveyed by J. R. McCasland and wife to Stewart Johnson by deed dated October 8, 1896, recorded in volume 94, p. 47, Deed Records of Harris County, Tex.

"Tract No. 3 being also out of and a part of the 2-acre tract hereinabove mentioned conveyed by F. L. Perry and his wife, Louise Perry, to J. R. McCasland, and being described by metes and bounds as follows, etc.

"Tract No. 4 being that certain lot, tract, or parcel of land lying and being situated in Harris county, Tex., and being out of and a part of the 2-acre tract hereinabove mentioned conveyed by F. R. Perry and Louise Perry to J. R. McCasland, described by metes and bounds as follows: Beginning at a point on the east line of said 2-acre tract 50 feet south of the west corner of said tract; thence south along the east line of said 2-acre tract 50 feet for corner in said east line; thence east parallel with the north line of said 2-acre tract 100 feet for corner; thence north parallel with the east line of said 2-acre tract 50 feet for corner; thence west parallel with the north line of said 2-acre tract 100 feet to the place of beginning.

"And further executed by filing a copy of this return with George Jones, clerk- county court Harris county, Tex., for record."

This writ was duly registered as provided by article 6858, Revised Civil Statutes. On the 10th day of March, 1915, Eli Lemm loaned to D. F. Kramer $1,200 in money, taking his note for the same due four years after date, secured by deed of trust on the following described property, to wit:

"All that certain land and premises described as lot No. 9 in block No. 4 in Germantown addition to the city of Houston out of the John Austin survey in Harris county, Tex., said lot having a frontage of 50 feet on Houston avenue and a depth of 100 feet running back at right angles with said avenue, the south-

west corner of said lot No. 9 being on the east line of said Houston avenue at 100 feet from the southwest corner of I. R. McCasland homestead, and the northwest corner of said lot being on the east line of said Houston avenue 150 feet from the southwest corner of the I. R. McCasland homestead tract; that the I. R. McCasland homestead tract here referred to is the same tract of land conveyed by Louise Perry and E. F. Perry to I. R. McCasland July 11, 1894, by deed recorded in volume 9, p. 183, Deed Records of Harris County, Tex., and is a part of the Germantown subdivision of the John Austin two-league grant."

Appellees contend that tract No. 4, as described in the return on the writ of attachment, is the same property covered by Lemm's deed of trust, and, taking the return as a whole, that the description therein given was sufficient to give him constructive notice that the property was held under attachment when he accepted the deed of trust. Lemm had no actual notice of the suit of the Farthing Lumber Company against Kramer, nor of the seizure of the property under attachment. Kramer told him that the title was good and that nothing was against it.

As plaintiff, appellant introduced in evidence his note and deed of trust. The defendant introduced the following deeds:

Deed from Louise Perry and E. F. Perry to I. R. McCasland, dated July 11, 1894, recorded in volume 79, p. 183, conveying "all that certain tract or parcel of land containing about 2 acres situated about 2 miles northwest of the courthouse in Harris county, Tex., being a part of the Grota homestead which is a part of the Germantown survey, which is a part of the northeast one-fourth of 2 leagues originally granted to Austin, being a part of 15.8 acres originally deeded to Louisa Drew, formerly Louisa Grota, and now Louisa Perry."

Deed from I. R. McCasland and wife to D. F. Kramer, dated January 10, 1903, recorded in volume 152, pp. 47, 48, Deed Records of Harris County Tex., "beginning 25 feet east of the northwest corner of the I. R. McCasland homestead, which is a part of the former Grota homestead, which is a part of the Germantown survey, which is a part of the John Austin 2-league grant; thence east 155 feet along the north line of the McCasland homestead tract; thence south 205 feet to the south line of the McCasland homestead; thence west 105 feet to a stake 25 feet east of the southwest corner of the McCasland tract; thence 205 feet to the place of beginning." This land includes the land in controversy.

They also introduced the writ of attachment with officer's return thereon, and judgment of foreclosure, the deed to the Farthing Lumber Company, and from Farthing Lumber Company to Mrs. Miller, and from Mrs. Miller to Gennusa. Mrs. Kramer introduced deed from her husband to one York and from York to herself. She claimed the property subject to plaintiff's lien.

The case was tried by the court without a jury, and judgment was rendered for appellant against Kramer for the amount of his note as pleaded, and foreclosing the lien as, against five feet frontage of the lot described in his deed of trust, for the Kramers for five feet of tract No. 4, as described in the writ of attachment, it being a part of their homestead, and in favor of the other defendants for the balance of tract No. 4, as described in the officer's return, and against appellant for all costs. Lemm and Mrs. Kramer have appealed.

Appellants make the assignment that the description of tract No. 4 seized under the attachment is too indefinite and uncertain to give Lemm constructive notice of the attachment proceedings.

[1] Referring to the deeds offered by appellees, it is seen that "E. F." Perry and wife, Louise Perry, conveyed a certain tract of land to "I. R." McCasland. "I. R." McCasland, by deed dated the 1st day of January, 1903, conveyed a certain tract of land to D. F. Kramer. Lemm's deed of trust covers a portion of the land conveyed to Kramer, and is definitely described. From the parol testimony introduced, it was clearly the intention of the sheriff to levy on the same property covered by appellant's deed of trust, except the five feet awarded to him by the court. In the general description in his return, the sheriff described the land as being "those certain lots lying and being situated in the John Austin 2-league grant in Harris county, Tex., north of White Oak Bayou, each being a part of the former Grota homestead, and a part of the Germantown site survey, each also being a part of a certain 2-league tract of land conveyed by 'F. L.' Perry and Louise Perry to 'J. P.' McCasland." No reference is made to the date of the deed from Perry and wife to McCasland, nor to its record. Certainly a reference to a deed from "F. L." Perry to "J. P." McCasland would not be notice of a deed from "E. F." Perry to "I. R." McCasland. No testimony was introduced that "E. F." was ever known as "F. L." Perry, nor that "I. R." McCasland was known as "J. P." McCasland, nor did appellees show in their chain of title any deed from F. L. Perry and wife to J. P. McCasland. So far as the general description is concerned, it was insufficient to give notice that the land described in his deed of trust was held under the attachment.

It does not seem to us that the particular description in any way aids the general description. Tract No. 1 is described by metes and bounds without any further reference to the deed from Perry to McCasland. Tract No. 2 is described as being out of the two-acre tract conveyed by F. L. and Louise Per-

ry to J. S. McCasland, and being the same land conveyed by "J. R." McCasland and wife to Stewart Johnson by deed of October 8, 1896, but this deed was not offered in evidence, and hence this reference does not aid us in locating the land. Tract No. 3 is described as being a "part of the two-acre tract hereinabove mentioned," conveyed, by F. L. Perry and his wife, Louise Perry, to J. R. McCasland. Above we set out in full the description of tract No. 4, the return stating that it was a part of the two-acre tract "conveyed by F. L. Perry and Louise Perry to J. R. McCasland."

[2] It may be that the deeds referred to in the sheriff's return are in appellees' chain of title. It may be that a J. R. McCasland and a J. S. McCasland and a J. P. McCasland at different times owned this land under deeds from F. L. Perry and Louise Perry, but this is not shown by the record. It may be that I. R. McCasland was generally known as "J. P.," "J. R.," and "J. S." McCasland, but this is not shown. It may be that E. F. Perry was known as "F. L." Perry, but this is not shown. A nephew of the Perrys testified in this case, and gave Perry's name as "E. F." Nor do appellees show that there was only one Grota homestead in the Germantown addition. In fact, appellees wholly failed to introduce any parol testimony of any kind or any record testimony explaining the references in the officers' return, and identifying it as being the same land covered by appellant's deed of trust.

The burden rested upon appellees, whose title was based on this attachment proceeding, to introduce extrinsic evidence identifying tract No. 4 as the land in controversy. Leal v. Moglia, 192 S. W. 1121. This can be done only by explaining to the court the meaning of the terms used in the sheriff's return itself. Pfeiffer v. Lindsay, 66 Tex. 123, 1 S. W. 264.

As said in Norris v. Hunt, 51 Tex. 609–615:

"It is believed that no well-considered case has gone to the extent to hold a conveyance of land valid, unless it is described with such reasonable certainty as that it can be identified by the usual tests of locality and identity when applied to the terms of the deed itself, or unless the description, in the language of Lord Bacon, 'is that which seemeth certain and without ambiguity for anything that appeareth upon the deed or instrument, but there is some collateral matter of the deed that breedeth ambiguity.'"

[3] The judgment of the trial court denying a foreclosure of Lemm's lien, and decreeing the land to appellees, is not supported by the evidence. On another trial, even if appellees recover the land, Lemm should recover his costs against Kramer and wife,

which was denied him on this trial. In so far as the assignments of appellant Mrs. Kramer relate to the matters above discussed, they are sustained. We have carefully examined the other assignments raised by both appellees, and, finding no errors therein, they are in all things overruled.

Because the appellees failed to offer any testimony identifying the description given in the officer's return with the land in controversy, this cause is reversed, and remanded for a new trial.

