CRUMLEY v. GILE.    (No. 7319.)

(Court of Civil Appeals of Texas. San Antonio. March 18, 1925. Rehearing Granted April 8, 1925.)

1. Evidence ⬤➡271(19), 318(2)—Letter of deceased, explaining obligation due him on check drawn to defendant's order, held hearsay and self-serving.

In action by administrator on obligation, evidenced by check drawn by deceased to order of defendant, letter of deceased to a friend, explaining check and circumstances of obligation it created, held mere hearsay and self-serving declaration and not admissible.

2. Evidence ⬤➡123(2)—Witnesses ⬤➡164(4) —Letter written by deceased 25 days after execution of check sued on as basis of obligation not part of res gestæ and inadmissible in view of statute as to transactions with decedents.

In action by administrator on obligation, evidenced by a check drawn by deceased in favor of defendant, letter from deceased to friend, written 25 days after date of check and explaining it, held not part of res gestæ, and inadmissible, especially in view of Rev. St. art. 3690, prohibiting testimony of either party as to transaction with deceased, unless called to testify by opposite party.

On Motion for Rehearing.

3. Appeal and error ⬤➡1177(5)—Judgment should be remanded, where error in admitting evidence might have caused failure to introduce competent evidence.

Where judgment is reversed for admission of incompetent evidence, exclusion of which would leave it without support, case should be remanded and not rendered, where admission of such evidence may have lulled plaintiff into failing to introduce competent testimony to prove same facts.

Appeal from District Court, San Patricio County; T. M. Cox, Judge.

Action by Chas. H. Gile, administrator, against L. C. Crumley. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Edward W. Ward and James R. Beverly, both of Corpus Christi, for appellant.

James G. Cook, of Sinton, for appellee.

COBBS, J. This suit was prosecuted by appellee, Chas. H. Gile, as administrator de bonis non of the estate of Peter Yeager, deceased, against appellant, to recover the sum of $700, for money loaned, and represented by a canceled check drawn by Peter Yeager and payable to appellant.

The appellant's defense was by general exception and many special exceptions. General and special defenses, statute of limitations, plea of payment, and that he executed a promissory note given in lieu of the check or for the money so loaned, which he claimed to be in full settlement with Yeager, and which note was canceled and destroyed by Yeager.

The case was tried without a jury, and the court made and entered findings of fact and conclusions of law, and thereupon entered judgment in favor of appellee for $700, with interest from January 15, 1921.

As the basis of appellee's claim, the following check with indorsements thereon, was introduced in evidence, to wit:

"Aransas Pass, Texas, Jan. 14th, 1921.
                    "No. ——.
"First National Bank; Pay to the order of L. D. Crumley $700.00, seven hundred dollars.
                    "[Signed] Peter Yeager."

The check has the following indorsements:

"L. D. Crumley." "First State Bank, Aransas Pass, Texas, Jan. 15, 1921."

The following is written across the face of the check:

"Paid Jan. 15. 1921. First National Bank, Aransas Pass, Texas."

In connection with the check and as explanatory thereof, appellee introduced the following letter from Peter Yeager to H. Barron, as follows, to wit:

"San Antonio, Texas, 2–8–'21.
"Mr. H. Barron—Dear Friend: I have a hard time since last Sunday, I getting from bad to worst. I never see alive any more. I Just waiting for the Dr. to see what he got to sai. I am thinken going home.

"Dear friend Mr. Barron, you got the bank books for both the banks. I let Mr. L. D. Crumley have check for $700.00 for flour, feed and flour—Mr. Biglow take feed and Crumley take the flour, 85 brlls. The flour stand good for the money. He have to pai for the flour weekly from week to the other, just so he use the flour. The check is dated January 14th, 1921, bearing 10% interest from date. You will have no trouble. You will credit in the book and Mr. Ayers give him credit on the check what he paid with interest. Should he fail, you stop usen the flour. If you need any lawer, don't take Nelson or Young. One is

against me and the other is a partikle friend of Crumley. But you will have no trouble.

"Your mother-in-law never ben here since. It is 3 o'clock in the evening—that is the time when I feel a little better to write a letter.

"I sure, my friend, I like to see you once more and shake your dear hand.

"I am tired. Well, good-by. My best regards for the better.     [Signed] Peter Yeager."

"The first paiment on the flour is due on the 8th, 1921."

The handwriting of Peter Yeager, deceased, was proven.

[1] The first proposition of appellant was that, because of the letter and check being written during the life of deceased, they were incompetent as evidence to establish the alleged cause of action, because they were ex parte and self-serving declarations. There is no use in discussing or citing authority in support of the general question that hearsay testimony and self-serving declarations in favor of the one offering such testimony is condemned.

Here the check, unexplained, of itself would not be sufficient to base a recovery upon. In the abstract it simply shows that Peter Yeager drew his check to "pay to the order of L. D. Crumley, $700," which is indorsed "Paid." This check, unsupported by any other testimony, would not show for what purpose it was drawn, whether as a loan or in payment of some obligation, or otherwise. Appellee, in order to explain the transaction, and to show that the money was merely loaned, was permitted by the court to introduce the entire letter. The letter of itself is ambiguous. This letter was written about 25 days after the date of the check, and about 24 days after its payment, and is not only hearsay evidence but is a self-serving declaration. Appellee claims it should be admitted under the doctrine of res gestæ.

[2] Peter Yeager, deceased, was sick nigh unto death when he wrote the letter. He went to the hospital in San Antonio about the last days of September, 1920, for treatment, and gradually grew worse, until February 12, 1921, when he died. This letter was written to Mr. Barron, his very close friend, whom he never expected to see again. He was making him an executor to administer his estate. He was the only friend upon whom he could rely, and was giving him instructions on a business matter that he expected his friend to adjust after his death. He was unmarried and had no children.

It explains, or attempts to explain, a transaction that did not happen contemporaneously with or immediately after the giving of the check. It is not so interwoven with the principal transaction as to become a part and parcel of the loan, so that, of itself, it would present an exception to the general and very wholesome rule which excludes such declarations. Article 3690, R. S.; City of Austin

v. Nuchols, 42 Tex. Civ. App. 5, 94 S. W. 336; M. K. & T. Ry. Co. v. Anderson (Tex. Civ. App.) 198 S. W. 795; Corpus Juris, vol. 22, pp. 443–470; Corpus Juris, vol. 22, pp. 448, 452, 454; 34 Cyc. p. 1643, and notes; McGowen v. McGowen, 52 Tex. 663.

The provision of article 3690, of our Revised Statutes, which regulates the introduction of testimony in such cases, provides, among other things:

"Neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party."

In this case the introduction of the letter is clearly in respect to a statement by the testator as to a transaction between him and appellant, and is a self-serving declaration, and is not admissible under the doctrine of res gestæ, which has been so extended under some of the decisions as to almost destroy the wise provision of our statute. This court will not broaden by construction the ancient and wholesome rule.

For the error in the court's ruling in permitting the letter, offered by the appellee, of the deceased, to explain the transaction as set out, the judgment of the trial court is reversed, and judgment here rendered in favor of appellant, that he recover all costs, and that appellee take nothing by this suit.

On Motion for Rehearing.

[3] The main ground for this motion is that we erred in rendering the judgment in this cause instead of remanding it, because appellee will be able on another trial to make out his case independent of the objectionable letter, and for that reason the cause should be remanded for another trial, as the cause was not fully developed. Leal v. Moglia (Tex. Civ. App.) 192 S. W. 1121; Fort Worth & R. G. Ry. Co. v. Fleming (Tex. Civ. App.) 212 S. W. 233.

The judgment of this court in rendering the judgment instead of remanding it was based upon the supposition that the case had been fully developed. The ruling of the court, it is claimed, in admitting the letter, caused him not to make other proof, and that may be true. He might have called appellant to the witness stand to testify, thereby waiving the provisions of article 3690, R. S.

We thought of that, but appellant was present at the time, and was offered as a witness to testify by appellant, but the court sustained the objection of appellee himself to his testifying. It may be, had the court not permitted the introduction of the letter, the appellee would have used the appellant as a witness, who can say?

For the reasons given, we grant the motion of appellee for a rehearing, set aside our judgment rendering the case, and remand the cause for another trial.