## HEARON v. JACKSON.

No. 5078.

Court of Civil Appeals of Texas. Texarkana.

July 8, 1937.

Rehearing Denied Sept. 2, 1937.

death of Sam M. Hearon there was found among his private papers, in a safety box in the Liberty National Bank, Paris, Tex., the following instrument, in the handwriting of the deceased, Sam M. Hearon: "This is to show that Lem Jackson is working a pair of mules that belong to me. One bay mare mule 12 years old, bought from Ed Barnett, has one eye out, one brown or bay horse mule about 7 years old, 15½ hands high. January 1, 1930. Sam M. Hearon." Appellant offered this instrument in evidence. Appellee objected on the ground that it was hearsay and self-serving. The objection was sustained. Appellant excepted and assigns as error the action of the trial court in excluding the instrument. Appellant contends: "That the instrument is a written memorandum made by the deceased, Sam M. Hearon, as an entry in the course of his farming business," and upon that ground is admissible in evidence as showing that the deceased owned the mules. The contention is not sustained. The instrument is but an isolated memorandum. It does not come within any of the exceptions of the general rule excluding hearsay testimony. Locke v. Wallingford (Tex.Civ.App.) 265 S.W. 1086; Milam Co. v. First Nat. Bank (Tex.Civ.App.) 29 S.W.(2d) 480; Vaughn v. Vaughn (Tex.Civ.App.) 287 S. W. 687; Belt v. McGehee (Tex.Civ.App.) 9 S.W.(2d) 407; Sabinal Nat. Bank v. Cunningham (Tex.Civ.App.) 256 S.W. 317; Crumley v. Gile (Tex.Civ.App.) 271 S.W. 641.

Long & Wortham and E. L. Myers, all of Paris, for appellant.

Hutchison & Fisher, of Paris, for appellee.

JOHNSON, Chief Justice.

This suit was filed in justice court, precinct No. 1, Lamar county, by Mrs. Mattie L. Hearon, independent executrix of the estate of her deceased husband, Sam M. Hearon, for title and possession of two mules claimed by and then in the possession of Lem Jackson, who was a tenant on the Hearon farm prior to and at the time of the death of the said Sam M. Hearon, January 19, 1934. Plaintiff sequestrated the mules. Defendant answered by general denial, plea of limitation, and filed a cross-action for damages alleged to have been sustained as result of sequestration of the mules. Trial in the justice court resulted in judgment for plaintiff. Defendant appealed to the county court of Lamar county. Trial in the county court resulted in judgment for defendant, Lem Jackson; and plaintiff, Mrs. Mattie Hearon, has appealed to this court.

On trial of the case in county court the appellant showed that after the

Over the objections of appellant the appellee, Lem Jackson, was permitted to testify that he bought the mules from Sam M. Hearon in the spring of 1929, and that he paid for them in the fall of 1930. This testimony violated the provisions of R.S. art. 3716. But appellant waived the benefit of the rule provided by the statute, by eliciting and more in detail the same testimony from the witness on cross-examination. Cox v. McClave (Tex.Civ. App.) 22 S.W.(2d) 961; Walkup v. Stone (Tex.Civ.App.) 73 S.W.(2d) 912. 14 Tex. Jur. 329, § 544, reading: "Waiver of benefit of rule. A party may waive the benefit of the rule prohibiting his adversary from giving testimony as to a transaction with a decedent not only by calling his adversary to give such testimony, but also by failing to object when his adversary offers the testimony, or by eliciting such testimony from the witness by questions on cross-examination."

Appellee, Lem Jackson, over objection of appellant, was permitted to testify: "I have been forced to make three trips to Paris to consult attorneys because of the action of plaintiff in taking my mules away from me (meaning by sequestration). These three trips cost me $1.50 each time."

This evidence was not admissible. Such incidental expenses are not recoverable as damages for a wrongful levy of sequestration, Harris v. Finberg, 46 Tex. 79, and no judgment therefor was allowed in this case. The error alone in admitting the testimony, considering the small amount of such expenses testified to, totaling $4.50, is not such gravity as would warrant a reversal of the case. The testimony was not of that character as would be calculated to prejudice or inflame the minds of the jury. It is contended that the jury may have considered the testimony in assessing damages sustained by appellee for "loss of service of the mules" during the time sequestered. In this respect appellee, Lem Jackson, testified: "I have lost $2.00 a day since the second day of October, 1934, (date of sequestration) by virtue of not having the mules. I would have earned that much working them in hauling wood and farm work. I would have made about $200 in money if I had had them."

This testimony was not disputed. In answer to special issue submitted by the court, the jury found that appellee had sustained damages by virtue "of the loss of service of the mules" in the amount of $50. Thus it appears that the jury assessed the damages at less than one half the amount testified to by appellee as having been sustained for loss of service of the mules during the time sequestered. Such fact and the particular wording above quoted of the issue, as submitted to the jury, excludes the inference that the jury was by the issue authorized to, or that they in fact did, take into consideration as damages for the loss of the service of the mules the expenses testified to by appellee of $4.50 in making trips to town to consult his attorneys. The assignment is overruled.

■■■ Willie Gray, witness for appellee, Lem Jackson, testified that he lived in the neighborhood of the Hearon farm and that he was acquainted with Mr. Sam Hearon and with defendant, Lem Jackson. That in the spring of 1929 witness offered to buy the particular mules from Mr. Hearon and that Mr. Hearon told witness that he had offered to sell the mules to Lem Jackson; that if Lem Jackson did not take them, he (Hearon) would sell them to witness; that a few days later Mr. Hearon told witness that he had sold the mules to Lem Jackson. Plaintiff then for a second time offered in evidence the above-quoted memorandum signed by Sam M. Hearon. This time the memorandum was offered in rebuttal to the stated testimony of Willie Gray. The court again sustained objection to the introduction of the memorandum. We do not think the court was in error. The testimony of Willie Gray was admissible on the ground that it was an admission against interest of Mr. Sam Hearon, 17 Tex.Jur. 543, § 224, and not as impeachment testimony. The memorandum was purely a self-serving declaration. Circumstances sometimes arise in which a self-serving declaration of a witness is admissible to corroborate the witness where an attempt has been made to impeach him by evidence tending to show his testimony is fabricated. 17 Tex.Jur. 537, § 220. But that circumstance is not here presented, hence the authorities cited by appellant, namely, Missouri, K. & T. R. Co. v. Hawk, 30 Tex.Civ.App. 142, 69 S.W. 1037, and like authorities, are not here applicable. The particular point as presented by appellant's contention is that appellant seeks to rebut Hearon's admission against interest made to Willie Gray, not by denying or explaining the admission, but by offering to show that Hearon made a different declaration, self-serving in character, at a different time. "A party can not rebut the evidence of his own admission by different declarations made at other times." Century Digest, Evidence, § 1025, and authorities there cited, among which is Edwards v. Osman, 84 Tex. 656, 19 S.W. 868, from which we quote: "Defendant pleaded that the note sued on was given for cattle purchased from plaintiff; that the latter made false representations as to the number in the brands; and, after plaintiff had offered in evidence some letters written by defendant to him bearing on that question, defendant proposed to introduce in evidence a letter written by himself to a third person, in no way connected with or necessary to the understanding of the letters then in evidence, which, on objection, the court excluded. In this there was no error, for a party cannot thus make testimony for himself."

The judgment of the trial court is affirmed.