## STATE v. REPUBLIC NATURAL GAS CO. et al.

### No. 11366.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 17, 1943.

Rehearing Denied Feb. 16, 1944.

Hobart Huson, of Refugio, for appellant.

Tarlton & Koch, of Corpus Christi, for appellee.

NORVELL, Justice.

This is a tax suit instituted on behalf of the State of Texas, Refugio County and Common School District No. 10 of said county. There were numerous parties defendant below, but all of them except appellee Republic Natural Gas Company were dismissed from the suit or filed disclaimers before judgment was rendered.

Trial was to the court without a jury. The trial court found (and the finding is recited in the judgment) that an assessment of taxes for the year 1935 against a leasehold mineral interest in the S. A. Droddy-Carlisle Block No. 2 (being Lots Nos. 8, 9, 18 and 19 of the Town of Refugio, Texas, containing 2.55 acres of land) was void for the reason that it was grossly excessive. Judgment was rendered vacating the assessment without prejudice to a re-assessment in accordance with the provisions of Article 7346 et seq., Vernon's Ann.Civ.Stats.

Appellant asserts that the finding above set out has no support in the evidence. This contention must be sustained.

■ The State introduced in evidence the delinquent tax records of Refugio County, which show that the property here involved (that is the leasehold interest above described) was valued at $20,760. A prima facie valid assessment upon the valuation stated was therefore shown. Art. 7326, Vernon's Ann.Civ.Stats.; Victory v. State, 138 Tex. 285, 158 S.W.2d 760, 765.

It appears that on January 1, 1935, the leasehold interest was owned by and assessed in the name of Moody-Seagraves Producing Co. There was at that time a producing oil and gas well upon the premises. On July 1, 1935, the appellee Republic Natural Gas Company acquired said leasehold estate and assumed the payment of all tax liabilities incident thereto.

■ The Commissioners' Court of Refugio County had secured the services of one T. M. Biggs to assist them as a board of equalization in placing values upon mineral interests and estates within the county. Mr. Geo. R. Vaughan was the "Tax Commissioner" of the Moody-Seagraves Producing Company, an agent having charge of that company's renditions and affairs relating to taxation. He seems to have also served for a short period of time in a similar capacity with the Republic Natural Gas Company. Mr. Vaughan died during the latter part of 1935, and Mr. L. J. Golden, Treasurer of appellee, seems to have taken over the matters formerly handled by Mr. Vaughan. The record contains a number of letters written by Mr. Vaughan and by Mr. Golden relating to the valuation of the particular leasehold here involved, in which it is recited that certain negotiations were under way or had been concluded with Mr. Biggs looking toward a reduction of the assessed valuation of the property. One letter in particular, written by Mr. Vaughan, asserts that a valuation of $20,760 is out of line, and that Mr. Biggs had agreed that the valuation was excessive. Biggs did not testify upon the trial, and it seems clear that the declarations made by Vaughan or by Golden in the letters mentioned, as well as recitations of oral negotiations with Biggs, can not be relied upon as evidence of the actual value of the leasehold estate as of January 1, 1935. 17 Tex.Jur. 922, § 411.

As tending to support the trial court's finding that the assessed valuation of the property was grossly excessive, appellee points out the following evidence, which in our opinion is the only evidence disclosed by the record which can properly be considered by us in determining whether or not the disputed finding has support in the evidence. The statement is primarily based upon the testimony of Mr. Golden, from which we quote:

"Q. Were you familiar at that time (1935) with this Droddy-Carlisle Block No. 2 that is in issue here? A. Yes, sir.

"Q. There was one well on that block? A. Just one well.

"Q. What did that well do in 1935? A. It produced about $4,000 worth of oil and casinghead gas. It went dead on March 6, 1935. Up to that time we had produced about 600 or 700 barrels of oil and about $3,000 worth of gas.

"Q. This is in 1935? A. In 1935—up to March, 1935, about.

"Q. What condition was that well in as of January 1, 1935? A. As I recall, that well was making a good deal of water and it was in a very precarious condition. It was a very difficult well to operate.

"Q. Did you anticipate as of January 1, 1935, that it would go dead? A. I did not anticipate that, but there was no rea-

594

son to believe that it would not. All those wells such as that were giving trouble and might have the expense of working over of such wells."

It is shown that the well produced continuously throughout the year 1934. For this year the leasehold was rendered and taxes paid upon a valuation of $1,000.

■ It is well settled that under the law property shall be assessed at its value as of January 1st, and that circumstances or conditions developing or taking place subsequent to January 1st cannot be taken into consideration. Kirby v. Transcontinental Oil Co., Tex.Civ.App., 33 S.W.2d 472, writ refused. The fact that the well upon the leasehold here involved ceased to produce in March can at most be considered as some evidence of the physical condition of the well on January 1, 1935. In fact, the only tangible evidence we have here is that on January 1, 1935, the well was making "a good deal of water." The effect of this condition upon the worth of the well and the dollars and cents value of the leasehold upon which it is situated can be estimated only by a resort to surmise and conjecture. In legal contemplation, the trial court's finding has no support in the evidence. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059.

The judgment is reversed and the cause remanded to the trial court with directions to enter a judgment in favor of appellant based upon a valuation of $20,675, as prayed for in appellant's petition, together with a foreclosure of appellant's tax liens securing the payment of taxes, interest and penalties due the State of Texas, County of Refugio and Common School District No. 10 of Refugio County.

On Motion for Rehearing.

■ Republic Natural Gas Company in its motion for rehearing asserts that this cause should be remanded generally for new trial. The case of Crumley v. Gile, 271 S.W. 641, by this Court, seems in point, and, upon authority thereof, we withdraw our original order disposing of this appeal. An order will be entered reversing the judgment of the trial court and remanding this cause for new trial.

Appellees' motion for rehearing is granted to the extent indicated. In all other respects it is overruled.