## TEXAS CITY v. J. L. MARTIN INV. CO. et al.

### No. 12101.

Court of Civil Appeals of Texas. Galveston.

June 16, 1949.

Rehearing Denied July 15, 1949.

Godard & Dazey and William B. Dazey, Texas City, for appellant.

S. P. Wunsch, Houston, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellant, The City of Texas City, for taxes alleged to be due for the year 1944 by appellees, J. L. Martin Investment Company and C. E. King, on certain property located within the re-plat of the first division to the City of Texas City in Galveston County, Texas. Appellant alleged that on January 26, 1944, Texas City's Board of Commissioners enacted an ordinance annexing and incorporating into the City certain territories adjoining the City, including the property on which the taxes were sought to be levied, which property was subsequently placed upon the tax rolls by the City's Board of Equalization. Appellant plead in the alternative that if, for any reason, the ordinance levying the taxes sought to be recovered was ineffective, the taxes delinquent and unpaid by appellees were eleven-twelfths of the amount sought to be recovered by reason of an ordinance subsequently passed by the City Commission validating and correcting the wording of the ordinance levying the taxes sought to be recovered.

In their answer appellees denied that the taxes for the year 1944 sued for by appellant were authorized by law.

In a trial before the court judgment was rendered that appellant take nothing by its suit.

The trial court in the judgment rendered found, upon uncontroverted evidence, that the City of Texas City adopted a Home Rule Charter on February 16, 1946; that prior to that time it had operated under the general laws governing cities, towns and villages, and that on January 26, 1944, in conformity with relevant statutes, the City had extended its territorial limits so as to include and annex the property in question. That on July 31, 1944, it had levied an ad valorem tax of $1.80 on the $100.00 evaluation on all property situated within its territorial limits on January 1, 1944. That on September 29, 1948, the City had adopted ordinances in which it had attempted to

make the property in question subject to the levy imposed by the ordinance of July 31, 1944, and to levy a tax of $1.65 on said property in the event the ordinance of July 31, 1944, was held to be invalid.

The court held in the judgment rendered that the City of Texas City was barred from recovery by the provisions of Art. 1043, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 1043.

It was stipulated by the parties that the annexation of the property in question was valid; that it was placed on the tax rolls of the City, and that the proper formalities were observed in the passing of the ordinances of July 31, 1944, and September 29, 1948.

Appellant contends that the trial court erred in holding that said Art. 1043, R.C.S., precluded the City of Texas City from levying and collecting the taxes on property not located within the City limits on January 1st and annexed by the City on January 26th of that year, and in finding that Art. 1043 prohibited appellant City from taxing property located in territory annexed to said City on January 26, when the fiscal year of said City began on July 1, 1944. Appellant contends that since it specifically appears from the face of the ordinance passed on September 29, 1948, that it is a ratification and confirmation of the ordinance passed on July 31, 1944, and is in the nature of a nunc pro tunc ordinance expressing the true intention of the governing body of appellant City with reference to the tax ordinance of July 31, 1944, it must be enforced in the absence of a showing of fraud or abuse of discretion. Appellant City further contends that the trial court erred in finding that the resolution passed on September 29, 1948, which declared that if a court of competent jurisdiction ruled that the City of Texas City was without legal right to collect ad valorem taxes for the whole year 1944 on all property annexed by the ordinance of January 26, 1944, that then, the property should be liable to only eleven-twelfths of the ad valorem taxes levied by the ordinance of July 31, 1944.

Article 1043, Revised Civil Statutes, reads:

"Each person, partnership and corporation owning property within the limits of the corporation shall, between January first and April first of each year, hand to the city assessor and collector a full and complete sworn inventory of the property possessed or controlled by him, her or them, within said limits on the first day of January of the current year. If the fiscal year of a municipal corporation runs otherwise than the calendar year, such corporation may by ordinance require said inventory to be made as of the first day of such fiscal year, in which case the inventory shall be handed to the city assessor and collector within the first three months of the fiscal year."

Insofar as we have been able to ascertain, the case of City of Austin v. Butler, Tex.Civ.App., 40 S.W. 230, by the Austin Court of Civil Appeals (writ of error denied by the Supreme Court), is the only case in which the courts of this State have spoken on a state of facts similar to the state of facts here involved. In that case, land which was included in the City of Austin by extension of the city limits after January 1st, by act of the legislature, and assessed for taxes thereafter, was held not to be subject to taxation by the City for that year, although the owner resided in the City on January 1st.

In the case of State v. Republic Natural Gas Co. et al., Tex.Civ.App. 181 S.W.2d 592, 594 (writ ref., want of merit) it was held that assessment for taxes must be made as of January 1st. In that case the court said:

"It is well settled that under the law property shall be assessed at its value as of January 1st, and that circumstances or conditions developing or taking place subsequent to January 1st cannot be taken into consideration."

In that case the court cited the case of Kirby v. Transcontinental Oil Co., Tex. Civ.App., 33 S.W.2d 472, 473, in which cause it is said:

"The law seems to be well settled that the tax assessor and the commissioners' court are required, in fixing the value of the property for taxation, to fix same at its value as

of January 1st of the year for which it is assessed."

 Further, it is the settled law in this State that municipalities are strictly limited in the exercising of their taxing power to the powers expressly granted them by the constitution or by statute, either expressly or by necessary implication. 30 Tex.Jur. 460, 38 Am.Jur. 381, Sec. 389; Lindsley v. Dallas Consol. St. Ry. Co., Tex. Civ.App., 200 S.W. 207.

 Appellant contends that the trial court erred in holding that a resolution passed by the City on September 29, 1948, which provided that, in the event a court of competent jurisdiction held that the City of Texas City was without legal right to collect ad valorem taxes for the whole of the year 1944 on property annexed by the ordinance passed on January 26, 1944, that then the property should be liable for eleven-twelfths of the ad valorem taxes levied by the July 31, 1944, ordinance.

This contention cannot be sustained since appellant City of Texas City was not a Home Rule city during the period for which these taxes are claimed, so no question of the taxing power of Home Rule cities is here presented.

Appellant relies upon the case of Megargel County Line Independent School Dist. et al. v. Blewitt, Tex.Civ.App., 278 S.W. 516, and other cases relative to the power of independent school districts to tax property included within the district after the date set for renditions. This rule, we think, does not apply to municipalities or to the question here presented, since independent school districts are not limited in the exercising of their taxing powers to the powers expressly granted to municipalities.

Appellant contends that the trial court erred in holding that Art. 1043, R.C.S., prohibited the appellant City from taxing property located on January 1, 1944, in territory annexed to said City on January 26th of that year, when the fiscal year of said City began on July 1, 1944.

While the courts of this State have not spoken directly on the facts here presented insofar as we have been able to ascertain, there are cases from other jurisdictions which are in point upon the factual situation here presented.

In the case of Mayor and Aldermen of Chattanooga v. Raulston, 117 Tenn. 569, 97 S.W. 457, the Supreme Court of Tennessee announced the rule that under the statutes providing for an assessment of all property for state, county and municipal purposes for the year 1904, and every second year thereafter, against the person owning the property on the 10th day of January, according to the value on that day, where a ward was annexed to the City of Chattanooga after January 10, the property was not, in the absence of specific statutory authority, subject to municipal levy for the fiscal year beginning in October of that year.

It follows, we think, under the authorities cited, that since appellant Texas City did not have the authority to levy taxes on property not within its jurisdiction as of January 1st, 1944, the judgment of the trial court must be in all things affirmed.