**LO–VACA GATHERING COMPANY,**
**Appellant,**

v.

**MATAGORDA COUNTY, Texas, et**
**al., Appellees.**

**No. 13–83–031–CV.**

Court of Appeals of Texas,
Corpus Christi.

Jan. 19, 1984.

Scott E. Breen, Foster, Lewis, Langley, Gardner & Banack, Inc., San Antonio, for appellant.

Larry Calame, Calame, Linebarger & Graham, Kent M. Rider, Joseph & Rider, Austin, for appellees.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This appeal is from a judgment ordering appellant, hereinafter "plaintiff," to pay ad valorem taxes for the year 1978 in the amount of $12,706.32, plus interest, on a gas plant located in Matagorda County, Texas. Plaintiff filed suit to enjoin a summary seizure of its plant instituted by appellees, hereinafter "defendants," for the purpose of collecting 1978 ad valorem taxes that defendants owed on that property. Defendant counterclaimed for the amount owed in delinquent taxes.

The gas plant in question was in operation as of January 1, 1978, but was shut down in October, 1978. Plaintiff contended that the fair market value of the plant did not exceed $325,000 as of January 1, 1978, and that the taxing authorities' assessment of $3,073,896 as its fair market value was grossly excessive. The taxing authorities gave the gas plant an appraised value of $3,106,750. Trial was before the court.

Plaintiff requested findings of fact and conclusions of law, and the trial court filed them.

The court, in relevant part, found:

"7. The value upon which Matagorda County, Texas proposes to tax the Bay City plant belonging to the Plaintiff for 1978 is $3,106,750.

8. Based upon conditions known to exist as of January 1, 1978, the market value of the Bay City plant on that date was $3,044,600.

9. Based upon confirmed sales of 37 lots located in Matagorda County, and occurring between May 7, 1976, and November 27, 1979, the adjusted ratio of the sales price of those lots to the appraised values carried for those same lots by Matagorda County, Texas is 13.47%.

10. Based upon confirmed sales of 1,821.7685 acres of land located in Matagorda County, Texas and occurring between May 7, 1976 and November 27, 1979, the adjusted ratio of the sale price of those acres to the appraised value carried for those same acres by Matagorda County, Texas is 4.76%."

The court, in relevant part, concluded:

"1. The 1978 tax plan for Matagorda County, Texas was put into effect before the Plaintiff filed this suit and sought injunctive relief against that tax plan. This suit, therefore, constitutes a collateral attack upon that plan of taxation of its property.

2. The Plaintiff has failed to show that it will suffer substantial injury by being required to pay taxes to Matagorda County, Texas for 1978 based upon the appraised value of $3,106,750, on its Bay City plant for the following reasons:

A. There is no evidence to show the amount of excess taxes which it will be forced to pay based upon that value as

required by Article 7329, Revised Civil Statutes of Texas, and the cases thereunder.

B. As of January 1, 1978, it was not reasonably foreseeable by any of the parties that the Bay City plant would cease to operate during that year.

C. As of January 1, 1978, the Bay City plant had more than a salvage value as claimed by the Plaintiff.

D. The appraised value of the Bay City plant of $3,106,750 used by Matagorda County, Texas for 1978 is not grossly excessive.

E. There is no evidence to show any inequality or discrimination being practiced against the Plaintiff based upon a comparison of its property with other like property being taxed for 1978 by Matagorda County, Texas. The values of lots and acreage sold are not competent evidence of discrimination or inequality as to the value of a gas processing plant.

F. There is no evidence of the actual market value of all of the Plaintiff's taxable property located within Matagorda County, Texas as of January 1, 1978, and therefore Plaintiff has failed to prove substantial injury through discrimination against the Bay City plant."

Plaintiff raises five points of error on appeal. In its first point, it contends that there was no evidence to support the trial court's finding that the value placed on the Bay City plant of $3,106,750 was not grossly in excess of its fair market value as of January 1, 1978. In its second point, it asserts that the trial court's finding that value placed upon the Bay City plant as of January 1, 1978 was not grossly in excess of its fair market value was against the great weight and preponderance of the evidence. In its third point, it claims that there was no evidence to support the trial court's finding that the taxable property within the county was equalized and placed on the tax rolls at its fair market value. Plaintiff further asserts in its fourth point that the above finding was against the great weight and preponderance of the evidence. Finally, in its fifth point, plaintiff contends that

there was no evidence, or alternatively, insufficient evidence to support the trial court's finding that plaintiff failed to show that it would suffer substantial injury by being required to pay taxes on the Bay City plant based upon an appraised value of $3,106,750.

■ In beginning our discussion, we must note that property should be assessed at its value as of January 1st and that circumstances developing or taking place subsequent to January 1st cannot be considered. *Texas City v. J.L. Martin Investment Co.,* 222 S.W.2d 139 (Tex.Civ.App.—Galveston 1949, writ ref'd); *State v. Republic Natural Gas Co.,* 181 S.W.2d 592 (Tex.Civ.App.—San Antonio 1943, writ ref'd w.o.m.); *See Hedgecroft v. City of Houston,* 150 Tex. 654, 244 S.W.2d 632 (1951). Additionally, in considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established rules set forth in *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); and by Calvert, *No Evidence and Insufficient Evidence Points of Error,* 38 Texas L.Rev. 359 (1961).

■ In reviewing the facts of this case, we find the trial court was justified in making the aforesaid findings of fact and conclusions of law. The evidence presented did not support the proposition that it was clearly foreseeable as of January 1, 1978, that the plant would be shut down and would have a fair market value commensurate with the salvage value of its components. Plaintiff offered the testimony of J.P. Herrin, an executive with Valero Hydrocarbon Corporation, successor corporation to plaintiff, in support of its contention that the plant's decline in value was foreseeable as of January 1, 1978. Mr. Herrin testified that plaintiff had run short of rich gas suitable for the plant and that it had little or no control over the gas sent to the plant by its partner, Dow Chemical, with whom it had a fifteen-year operating agreement. This testimony points to the conclusion that the plant could have become uneconomical at any time for external reasons unrelated to the intrinsic value of the plant.

Since the plant could have become uneconomical at any time, it was not definitely foreseeable on January 1, 1978, that the plant would become uneconomical and drop in value later that year. If this Court were to accept such a standard of foreseeability, it would have to accept the notion that the plant's fair market value should be reduced because of *any* possible damage, destruction or decline in value due to external forces.

Furthermore, Herrin testified that he did not know that the plant would be closed as of October 1, 1978. Herrin also testified that it was possible that a downward trend in a petroleum industry facility could be reversed. While the drift of Herrin's testimony may have been in support of plaintiff's contention that the decline in value was foreseeable, not all of it was supportive.

■ Testimony shows that plaintiff's representative agreed to a value of $3,044,600 at the Board of Equalization hearing, which was held in 1978. At that time, Mr. Yount, the plaintiff's representative, did not indicate to anyone that the value of the plant had changed. We hold that the evidence was sufficient for the trial court to find that the market value of the Bay City plant as of January 1, 1978, was $3,044,600, to conclude that the plant had more than salvage value, that this value was not grossly excessive, and that it was not reasonably foreseeable that as of January 1, 1978, the plant would cease to operate during the year 1978.

■ Since the appraised value of the plant was not grossly excessive in relation to the fair market value as of January 1, 1978, we hold that plaintiff will not suffer substantial injury by being required to pay taxes on the appraised value of the plant. Since plaintiff cannot show substantial injury in fact resulting from a grossly excessive appraisal as of January 1, 1978, we further hold that there is no evidence which supports a claim of excessiveness resulting from an arbitrary and illegal tax scheme. Therefore, since plaintiff has not shown excessiveness or substantial injury, it cannot recover. *State v. Federal Land Bank of*

*Houston,* 160 Tex. 282, 329 S.W.2d 847 (1959).

We overrule all of plaintiff's points of error.

The judgment of the trial court is AFFIRMED.