**CITY OF HEATH, Texas, Appellant,**

v.

**Gilbert KING and Odis Lowe, Appellees.**

**No. 05–85–00590–CV.**

Court of Appeals of Texas, Dallas.

Feb. 13, 1986.

Bob F. Young, Dallas, for appellant.

Harold F. Curtis, Jr., Greenville, for appellees.

Before AKIN, DEVANY and STEWART, JJ.

AKIN, Justice.

City of Heath appeals part of a judgment ordering that ad valorem property taxes assessed upon the land of Gilbert King and Odis Lowe be prorated for the year 1982. The City contends that the trial court erred in prorating the property taxes to be paid on the basis of the number of days out of the tax year that the property was within the corporate limits of the City of Heath. Because we agree that proration is not statutorily authorized in this case, we reverse that portion of the judgment of the trial court.

On August 4, 1982, the District Court of Rockwall County, Texas rendered judgment for Gilbert King and others against the City of Heath. The August 4th judgment decreed that the property of the plaintiffs therein, including King and Lowe, was disannexed from within the corporate limits of the City. The City appealed that judgment to this court, and by opinion issued November 23, 1983, we affirmed the judgment of the trial court. Thereafter, King and Lowe filed a petition for declaratory judgment claiming that they were entitled to the benefits of the August 4th judgment as of the date it was signed. Thus, King and Lowe asserted that their property was not subject to taxation by the City after August 4, 1982. Consequently, they sought to have their property taxes prorated for 1982 so that they would pay only that percentage of the total yearly property taxes on their property equal to the percentage of the number of days the property was within the corporate limits of the City to the total number of days in the tax year. They also sought to have their property declared not subject to taxation by the City for 1983 and years thereafter. The portion of the court order declaring King and Lowe's property not subject to taxation by the City for 1983 and

**814**

1984 has not been appealed and is therefore not before us.

The City does contend, however, that the trial court erred in decreeing that King and Lowe should pay only 216/365 of the property taxes assessed by the City for 1982. We note that under section 21.02 of the Property Tax Code real property is taxable by a city if located within its corporate limits on January 1 of the year for which taxes are assessed. The trial court found that King's and Lowe's property was disannexed as of August 4, 1982, and was therefore within the corporate limits of the City as of January 1 of 1982.

Nevertheless, King and Lowe contend that the City had no power to levy taxes against their property for that period of 1982 that the property was no longer within the corporate limits. We agree that municipalities are strictly limited in their power to tax to powers granted to them by the Texas Constitution or by statute, either expressly or by necessary implication. *Texas City v. J.L. Martin Inv. Co.*, 222 S.W.2d 139, 141 (Tex.Civ.App.—Galveston 1949, writ ref'd). We further recognize that the statutes granting power to levy property taxes to a city with a population of less than 5,000 limit that power to the taxable property of or within such city or town. TEX.REV.CIV.STAT.ANN. arts. 1026, 1027 (Vernon 1963). However, section 21.01 applies to establish what property is "of or within" the city for purposes of assessing property taxes. That statute, read in conjunction with articles 1026 and 1027, clearly authorizes a city to levy property taxes against all property within its corporate limits as of January 1.

Furthermore, we can find no statutory basis for proration of taxes upon the change in annexation of the property. To the contrary, section 26.14 of the Property Tax Code would prevent property disannexed by one city and annexed by another from being double-taxed. We recognize that it may seem inequitable to allow a city to collect property taxes for a full year on property judicially disannexed from the city for failure to provide services to that property. But prorations and exemptions from property tax are areas where the legislature has determined what relief shall be available, and these statutory provisions are strictly construed. *Hedgecroft v. City of Houston*, 150 Tex. 654, 244 S.W.2d 632, 636 (1951); *Willacy County Appraisal District v. North Alamo Water Supply Corp.*, 676 S.W.2d 632, 635–36 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). Furthermore, the "January 1" rule established by the legislature works both ways. Property annexed after January 1 cannot be taxed for that year, regardless of the equities in favor of the city or other taxing authority. *Texas City*, 222 S.W.2d at 141. Finally, except as statutorily provided, circumstances occurring after January 1 cannot be taken into account for property tax purposes. *Lo-Vaca Gathering Company v. Matagorda County, Texas*, 664 S.W.2d 802, 804 (Tex.App.—Corpus Christi 1984, no writ); *see also Hedgecroft* 244 S.W.2d at 633–34; *City of Corpus Christi v. Arnold*, 424 S.W.2d 492, 495 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n.r.e.).

Consequently, we hold that King's and Lowe's property within the corporate limits of the City of Heath as of January 1, 1982 is taxable by the City for that tax year. In all other respects, the judgment of the trial court is affirmed.