ROBERT S. CALVERT ET AL, Appellants

v.

EDWARD E. MCLEMORE, JR., D/B/A "BIG 'D' JAMBOREE", Appellee

No. A-8883.   Decided June 27, 1962<br>358 S.W. 2d 551

*Will Wilson,* Attorney General, Austin, *J. H. Broadhurst,* Asst. Atty. Gen., for appellant.

*Jackson C. Burroughs,* Dallas, for appellee.

JUSTICE RUEL C. WALKER delivered the opinion of the Court.

This is a direct appeal under the provisions of Article 1738a, Vernon's Ann. Texas Civ. Stat. The trial court denied a temporary injunction on the ground that Section 1 of Article 21.02, V.A.T.S. Tax.-Gen., is unconstitutional. This statute purports to levy a tax of one cent on each ten cents or fractional part thereof paid as admission to entertainments such as motion pictures, operas, plays and like amusements "held at places other than at a fixed and regularly established motion picture theater", where the admission charged is in excess of fifty-one cents per person. Section 2 of Article 21.02 deals with admissions to such entertainments when held at a fixed or regularly established motion picture theater, and no tax is imposed thereon unless the amount charged is in excess of $1.05. In either situation the tax is payable by the person who owns or operates the place of amusement. Article 21.01, V.A.T.S. Tax.-Gen.

■ The tax in question is not a tax upon property or upon persons but is imposed on the business of exhibiting motion pictures, operas, plays and other like amusements. It is an occupation tax within the meaning of Article VIII, Section 2, of our Constitution, which provides that all occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax. See Pullman Palace Car Co. v. State, 64 Texas 274, 53 Am. Rep. 758; H. Rouw Co. v. Texas Citrus

Commission, 151 Texas 182, 247 S.W. 2d 231. There can be no doubt as to the power of the Legislature to classify the subjects of occupation taxes and impose varying burdens upon the different groups. It is essential, however, that there be a reasonable basis for the classification. Exemption of persons who are engaged in the same occupation as those who are taxed renders the levy discriminatory and therefore unconstitutional.

"The considerations upon which such classification shall be based are primarily within the discretion of the Legislature. The courts, under the provisions relied on, can only interfere when it is made clearly to appear that an attempted classification has no reasonable basis in the nature of the businesses classified, and that the law operates unequally upon subjects between which there is no real difference to justify the separate treatment of them undertaken by the Legislature. This is the rule in applying both the state and federal Constitutions, and it has been so often stated as to render unnecessary further discussion of it." Texas Co. v. Stephens, 100 Texas 628, 103 S.W. 481.

The classification established by the Legislature in this instance is based on the place where the entertainment is given. In Davis v. White, Texas Civ. App., 260 S.W. 138 (wr. ref.), a statute purporting in general terms to levy an occupation tax on all traveling shows but exempting those that exhibited in regularly established and licensed theaters was held to be violative of the Constitution. After observing that the show was the same whether exhibited in a licensed theater or elsewhere, the court said that the difference seized upon by the Legislature, i.e., the place of exhibition, did not justify the classification.

The Attorney General cites decisions upholding the levy of occupation taxes on peddlers although merchants having established places of business and traveling persons selling at wholesale were not taxed. South v. State, 72 Texas Cr. Rep. 381, 162 S.W. 510; In re Butin, 28 Texas App. 304, 13 S.W. 10. He says that motion pictures, operas and plays exhibited at places other than regularly established motion picture theaters are usually itinerant entertainments which do not pay regular occupation taxes and often escape the payment of any tax whatsoever. This is not, however, the line drawn by the Legislature in Article 21.02. As a matter of fact, respondent regularly exhibits shows of various kinds at a fixed place of business in Dallas, but that place of business is not a motion picture theater.

■ The statute is plainly a revenue measure. It does not relate

in any way to the public safety, morals, convenience or general welfare. Under the provisions of Section 1, anyone who exhibits a motion picture or play at a place other than a fixed and regularly established motion picture theater must pay the tax. Another person who exhibits the same picture or play to a similar audience in an adjoining building of the same construction escapes payment of the taxes merely because he regularly shows motion pictures in that building. The discrimination is too plain to admit of argument, and we agree with the trial court that Section 1 of Article 21.02 is unconstitutional. See H. Rouw Co. v. Texas Citrus Commission, 151 Texas 182, 247 S.W. 2d 231; San Antonio Retail Grocers v. Lafferty, 156 Texas 574, 297 S.W. 2d 813.

The judgment of the trial court is affirmed.

Opinion delivered June 27, 1962.