SPRING INDEPENDENT SCHOOL DISTRICT, Appellant,

v.

HARRIS COUNTY APPRAISAL DISTRICT, Enron Corp., Enron Gas Marketing, Inc., Panhandle Gas Company, Houston Pipe Line Company, Truck'n News Publications, Inc., Bob Hlavenka d/b/a Spring Champion Auto Parts, Appellees.

No. A14–93–00904–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 3, 1994.

Rehearing Overruled Dec. 1, 1994.

Robert Mott, Houston, for appellant.

Robert P. McConnell, Kenneth Wall, Berry D. Bowden, Charles E. Cheek, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellant, Spring Independent School District, sued appellees, the Harris County Appraisal District (HCAD) and various inventory owners in the district, to force the invento-

ry owners to value their inventory for property tax purposes as of January 1, rather than select the alternative appraisal date of September 1 of the preceding year, as provided for in Subsections 23.12(f) and (g) of the Texas Tax Code. *See* Tex.Tax Code Ann. §§ 23.12(f), (g) (Vernon Supp.1994) (subsection (g) expired by its own terms on January 1, 1991, for text see, 71st Leg., R.S., ch. 796, § 16, 1989 Tex.Gen.Laws 3596–97). Appellant sought to show that subsections 23.12(f) and (g) violate sections 1 and 2 of article VIII of the Texas Constitution. *See* Tex. Const. art. VIII, §§ 1, 2. The trial court upheld the constitutionality of Subsections (f) and (g).[1] Appellant raises three points of error, claiming the option given to inventory owners to elect between two appraisal dates creates non-uniform and unequal taxation. We agree and reverse the judgment of the trial court.

## FACTUAL BACKGROUND

Appellees, the Enron defendants, own an inventory of natural gas stored in the Bammel Reservoir, upon which they owe property tax to appellant. As permitted by Subsections (f) & (g), appellees elected to have the inventory appraised on September 1, 1989. On that date, Enron's gas inventory was valued at $78,327,540.[2] However, on January 1, 1990, the appraisal date for all other property owners and those inventory owners that did not make the election, Enron's gas inventory in the Bammel Reservoir would have had a value of $93,227,450 because of a larger amount of gas stored in the reservoir and a

higher price due to increased winter demand.[3] Therefore, because Enron elected to use the earlier appraisal date, appellant claims it lost $224,988.65 in tax revenue.

## STANDARD OF REVIEW

 When reviewing the constitutionality of a statute, this court must presume that the statute is valid. *HL Farm Corp. v. Self,* 877 S.W.2d 288, 290 (Tex.1994). Further, the constitutionality of a statute must be sustained unless its invalidity is apparent beyond a reasonable doubt. *State v. City of Austin,* 160 Tex. 348, 331 S.W.2d 737, 747 (1960). Nevertheless, the legislature may not authorize that which the constitution prohibits, nor may it lawfully act beyond the limits set out in the constitution. *Maher v. Lasater,* 163 Tex. 356, 354 S.W.2d 923, 925 (1962); *Travelers' Insurance Co. v. Marshall,* 124 Tex. 45, 76 S.W.2d 1007, 1009 (1934).

## THE MEANING OF EQUALITY AND UNIFORMITY

 Before addressing each of the specific claimed constitutional violations, we give a background on the meaning of "equality and uniformity" and the principle that all property must be taxed in proportion to market value. Section 1 of Article VIII of the Texas Constitution provides: 1) that "[t]axation shall be equal and uniform"; and 2) that all real and tangible personal property "shall be taxed in proportion to its value." Tex. Const., art. VIII, §§ 1(a), (b). From its ear-

---

1. After exhausting its administrative remedies, appellant sought a judgment declaring the statute unconstitutional. All necessary parties were joined including the Harris County Appraisal District (HCAD) and all taxpayers who used the alternate valuation date. The attorney general originally intervened to defend the constitutionality of the statute, but later withdrew. HCAD did not appear at trial. Two property owners entered agreed judgments to use the January 1 valuation date. Two other property owners did not answer. Therefore, the only remaining parties opposing to appellant are Enron Corp., Enron Gas Marketing Inc., Panhandle Gas Company, and Houston Pipe Line Company. All of these entities are owned directly or indirectly by Enron Corporation, and were assessed under one of the subsidiaries, Houston Pipe Line Company. They will be referred to as Enron, the Enron defendants, or appellees. Any reference to ap-

pellee in this opinion will be a reference to the Enron defendants, and not HCAD as the caption suggests.

2. Although some gas shifted between the subsidiaries during the period between September 1 and January 1, we will consider the combined inventory of all the Enron subsidiaries on each of the two dates as one piece of property in calculating the tax valuation for purposes of this opinion.

3. Appellee repeatedly contested the exact dollar amount of the January 1 valuation at the trial court. We use the evidence on the January 1 valuation only to show that the tax burden would have been higher had the January 1 date been used.

liest decisions, Texas courts have held that taxation is "equal and uniform" when no person or class of persons in the same territory is taxed at a higher rate than other persons on the same property in the same district. *City of Arlington v. Cannon,* 263 S.W.2d 299, 304–05 (Tex.Civ.App.—Fort Worth 1954), *aff'd in part, rev'd in part,* 153 Tex. 566, 271 S.W.2d 414 (1954); *Weatherly Independent School Dist. v. Hughes,* 41 S.W.2d 445, 447 (Tex.Civ.App.—Amarillo 1931, no writ). Uniformity and equality means taxation based solely on the property's value and not other factors. *Lively v. Missouri, K. & T. Ry. Co. of Texas,* 102 Tex. 545, 120 S.W. 852, 856 (1909). Texas courts have repeatedly held that "value" as used in article VIII, section 1(b) of the Texas Constitution means market value or the reasonable cash market value. *Atlantic Richfield Company v. Warren Independent School District,* 453 S.W.2d 190, 197 (Tex.Civ.App.—Beaumont 1970, writ ref'd n.r.e.); *Harligen Independent School Dist. v. Dunlap,* 146 S.W.2d 235, 237 (Tex.Civ.App.—San Antonio 1940, writ ref'd n.r.e.); *Rowland v. City of Tyler,* 5 S.W.2d 756, 760 (Tex.Com'n App.1928). Thus, a tax may not discriminate in a way that causes different persons or groups of people to be taxed at different rates for the same property, and the tax system must tax at market value. Simply, all taxing provisions must comply with the requirement of equality and uniformity and assess taxes based upon the market price.

### THE USE OF A SINGLE TAX DATE

An important step in the development of uniform and equal taxation was the creation of one date, known commonly as the tax date, upon which the value of the property would be appraised. Texas has a long standing tradition of January 1 serving as the tax date for the purpose of assessing the value of property. *Texas City v. J.L. Martin Investment Co.,* 222 S.W.2d 139, 141 (Tex.Civ. App.—Galveston 1949, writ ref'd); *Kirby v.*

*Transcontinental Oil Co.,* 33 S.W.2d 472, 473 (Tex.Civ.App.—Waco 1930, writ ref'd). The owner on January 1 faces tax liability for the entire year, even if circumstances change during the year. *Texas Consolidated Transportation Co. v. State,* 210 S.W.2d 891, 896 (Tex.Civ.App.—Austin 1948, writ ref'd). Also, any change in value later during the year has never been subject to taxation. Therefore, if a building was added to the property after January 1, or an oil well came in that would significantly increase the value of the property, it could not be considered in valuing the property. *State v. Republic Natural Gas Co.,* 181 S.W.2d 592, 594 (Tex.Civ. App.—San Antonio 1943, writ ref'd w.o.m.). Texas has strongly adhered to January 1 as tax date, and there have been no deviations from this date until Subsections (f) & (g) allowed inventory owners to elect to move their tax date away from January 1. This is the first statute of its kind that gives the taxpayer the ability to choose an alternative valuation date, and the issue of the constitutionality of such a statute is a matter of first impression.[4]

### TREATMENT OF INVENTORY DIFFERENT FROM OTHER PROPERTY

■ In its first point of error, appellant argues that the trial court erred in finding Subsections 23.12(f) & (g) constitutional because the statute violates the principles of equality and uniformity in that the statute treats inventory and non-inventory owners differently by giving the election only to inventory owners, when non-inventory owners could also benefit from an earlier election date. As an example, appellant notes that one year Motorola installed $100 million in equipment at its plant in Austin between September 1 and January 1. Motorola certainly would have paid lower property taxes if it could have used the September 1 valuation date. Another example presented by appellant is that of a commercial property

---

4. Upon reviewing the Texas Tax Code, we could not find any other similar provisions giving the taxpayer an option to select an alternative appraisal date. We have also looked at the tax laws of other states and do not find a similar provision ·giving the taxpayer the choice to pick a different

valuation date. As discussed in subsequent footnotes, some states may force upon the inventory owner .a different valuation date or another method for valuing the property, and two states give the taxpayer the choice between two methods for valuing inventory.

owner who completed construction of an major improvement during the last four months of the year. That property owner certainly would have benefited if he could have used the September 1 date and valued the property as under construction, instead of complete. We agree with appellant's arguments and find that the statute creates an improper classification of property owners and hold that the statute gives an unequal and non-uniform advantage to inventory owners.

In Texas, the legislature has the power to make classifications of property for purposes of taxation, but it may do so only if such classifications are not unreasonable, arbitrary, or capricious. *Bullock v. ABC Interstate Theatres, Inc.,* 557 S.W.2d 337, 341 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.) *cert. denied,* 439 U.S. 894, 99 S.Ct. 253, 58 L.Ed.2d 240 (1978); *American Transfer and Storage Company v. Bullock,* 525 S.W.2d 918 (Tex.Civ.App.—Austin 1975, writ ref'd). Accordingly, a classification within the taxing scheme must meet the requirements of the equal protection clause of the Fourteenth Amendment of the United States constitution to satisfy the Texas constitution. *Hurt v. Cooper,* 130 Tex. 433, 110 S.W.2d 896, 901 (1937). Classifications will be struck down when an attempted classification has no reasonable basis in the nature of the businesses classified, and when the law operates unequally upon subjects between which there is no real difference justifying the separate treatment. *Claver v. McLemore,* 163 Tex. 562, 358 S.W.2d 551, 552 (1962). In 1979, the legislature enacted section § 23.12 and recognized inventory as a separate class. However, until the enactment of Subsections (f) and (g), this classification did not cause inventory to receive any different or preferred treatment. We find that under Texas law, the legislature may properly classify inventory apart from other property in its taxation scheme, but it may not do so for the sole purpose of benefiting inventory owners by allowing them to choose an arbitrary date to value its property so as to lower its tax burden. There is no rational basis for such a classification.[5]

If an inventory holder has the option of two valuation dates to minimize his taxes, the real estate owner who improves his property late in the year, or the business that adds new equipment in the last few months of the year should have the same opportunity. Clearly, giving an advantage to only inventory holders results in an unequal and non-uniform treatment of property tax holders. All property is subject to fluctuations in value, yet not all taxpayers receive the advantage given to inventory owners by Subsections (f) and (g). While the legislature may establish classifications for the purposes of taxation, it clearly may not use such a means to circumvent the constitutional principle that all property must be valued at market value. Op.Tex.Att'y Gen. No. JM–43 (1983). Subsections (f) and (g) do not adhere to this principle. Because Subsections (f) and (g) violate the constitutional principles of equality and uniformity, we hold that they are unconstitutional and sustain appellant's first point of error.

## THE USE OF TWO TAX DATES

Within his first point of error, appellant also contends that Subsections (f) and (g) improperly distinguish between inventory owners, as they give a benefit to only those whose inventory would have a lower value on September 1. We agree with appellant that the use of two different dates for valuing inventory results in unconstitutional disparities among inventory owners.

Other states have not found a violation of the principles of equality and uniformity when certain property is valued on a date

---

**5.** The Ohio Supreme Court reached a different conclusion when it found that allowing inventory to be subject to a daily average method of valuation instead of a single tax date method was constitutional, stating "the state has a legitimate interest in levying a tax on average business inventory and avoiding the inequality of fluctuating inventories." *Chicago Pacific Corp. v. Limbach,* 65 Ohio St.3d 432, 605 N.E.2d 8, 12 (1992). The Ohio court concluded that the fluctuations in inventory provided a rational basis for treating inventory differently and making it a separate class of property. In contrast, the Florida Supreme Court found that any separate valuation for stock in trade to compensate for its transitional nature was unconstitutional because it was not uniform or equal. *Franks v. Davis,* 145 So.2d 228, 230 (Fla.1962).

other than the standard tax date.[6] Some states use a different date to tax certain goods so as to maximize the taxable value of the property.[7] Recently, the state of Washington enacted a statute which captures the value of improvements on the land; the tax assessor may choose an alternative date of July 31 of the tax year to capture the change in value caused by the improvements, rather than waiting until January 1 of the following year. WASH.REV.CODE § 36.21.080 (West 1991). In *Fifteen–O–One Fourth Avenue, v. Dept. of Revenue,* 49 Wash.App. 300, 742 P.2d 747, 751 (1987), the court upheld the alternate valuation date, stating that it led to more uniform taxation, as the increased value would be added to the tax rolls.[8]

However, the variations in the tax date discussed above differ greatly from Subsections (f) and (g) because in the other states the taxing authorities use the alternate date for all taxpayers within a class, or the discretion to use the different date lies with the taxing authority, not the taxpayer. Those statutes attempt to establish equality and uniformity by preventing taxpayers from avoiding taxation because of fluctuations in value. The Texas statute has the opposite result of deleting property from the tax rolls. Because Subsections (f) and (g) give the taxpayer the option of two valuation dates to lower his tax burden, this creates greater disparities among taxpayers, and results in less equality and uniformity.

 In Texas, as discussed earlier, the use of a single tax date was an important step in the development of the system of equal and uniform taxation. Thus, a single date of January 1 upholds the Texas constitutional principles of equality and uniformity.

We find that Subsections (f) and (g) serve to benefit only a select group of inventory owners: those who property has less value on September 1. By providing two tax dates, this system provides a benefit to some, while others will not benefit.[9] Unlike the state of Washington's use of two dates to allow the tax assessor to increase taxable revenue, Subsections (f) and (g) give the option to the property holder to minimize the tax burden. When certain taxpayers receive a beneficial reduction in their tax burden when others even in their class do not, this system does not comport with the Texas constitutional provisions of equality and uniformity. Therefore, we sustain appellant's first point of error on this additional ground.

## THE TAXPAYER'S ELECTION OF HIS TAX DATE

Appellant also argues that the statute results in unequal and non-uniform treatment by creating two values for taxing the same property, and creating the possibility that the same property will be taxed at different valuations. In this case of all the gas companies storing gas in the Bammel Reservoir, only the Enron defendants chose to have their gas valued at the earlier date. Other natural gas companies did not make the election. Therefore, the same gas inventory in the Bammel Reservoir was appraised at two different values. Appellant contends that using two values for the same property does not result in taxation in proportion to market value. We agree that giving the taxpayer an election results in taxation in violation of the principle of taxation based on market value.

 By giving the inventory holder the ability to make a valuation on September 1 of

---

6. However, examples from other states may not be entirely germane because each state has its own constitutional definition of equality and uniformity.

7. *See, e.g., Thomas v. Gay,* 169 U.S. 264, 279–82, 18 S.Ct. 340, 346, 42 L.Ed. 740 (1898) (United States Supreme Court upheld one valuation date for real property and one valuation date for personal property so that cattle driven to Indian Reservation after winter would be subject to taxation); *Nelson Lumber Co. v. Town of Loraine,* 22 F. 54 (W.D.Wis.1884) (upheld tax date of April 1 for non-residents of Wisconsin and May 1 for

residents because logs would be floated out of state during April).

8. Based upon the early Texas decisions forbidding the inclusion of an increase in the tax valuation during the year, the Washington tax statute may be unconstitutional under Texas law. *See, State v. Republic Natural Gas Co.,* 181 S.W.2d 592, 594 (Tex.Civ.App.—San Antonio 1943, writ ref'd w.o.m.).

9. We understand that January 1 is also an arbitrary date for the valuation of inventory and some will benefit from this date.

the preceding year, a valuation which has little or nothing to do with the daily changes in the quantity or value of inventory, the statute creates two possible arbitrary valuations of the same property.[10] We agree with appellant that the gas in the Bammel Reservoir was actually appraised and taxed at two values, because only Enron elected to use the September 1 date, and all other property owners used the January 1 date. Under the constitution, all property "shall be taxed in proportion to its value." TEX. CONST. art. VIII, § 1(b). Using two values for the same property creates an ambiguity as to the value of the property and violates the constitutional principle of taxing based on market value. We also uphold appellant's first point of error on this ground.

## EXEMPTION OF PROPERTY FROM TAXATION

In his second point of error, appellant contends that the election given to inventory owners exempts property that would otherwise be subject to tax. Appellant contends that a party could have a certain amount of inventory present on September 1, and may increase its inventory by January 1. For example, in this case, appellee added three billion cubic feet of gas (MCF) to its holdings in the reservoir between September 1 and January 1. Appellee did not pay tax on the three MCF of gas. Appellant contends the gas added between September 1 and January 1 was exempted from tax in violation of article VIII, subsections 1 and 2 of the Texas Constitution. We agree.

 The legislature does not have the power to broaden exemptions beyond those permitted by the constitution. TEX. CONST. art. VIII, § 2; *Leander Independent School Dist. v. Cedar Park Water Supply Corp.*, 479 S.W.2d 908, 910 (Tex.1972). Thus, the legislature could not create a special exemption

for inventory. However, by removing the inventory acquired during the interim period from taxation, the legislature has created such an exemption. If property goes untaxed, it is exempted from taxation. *Aransas County Appraisal Review Board v. Texas Gulf Shrimp Co.*, 707 S.W.2d 186, 191 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). If a statute effectively exempts taxable property from taxation under the guise of doing something else, it violates the Texas constitutional mandate that all real and tangible personal property be taxed. For this reason, we sustain appellant's second point of error and find that Subsections (f) and (g) unconstitutionally exempts property from taxation.

## SUFFICIENCY OF THE EVIDENCE

Appellant contends in its third point of error that there was not sufficient evidence to support the judgment. Because we sustain appellant's first two points of error, we find that appellant presented sufficient evidence to the trial court to find the statute unconstitutional. We sustain appellant's third point of error.

## CONCLUSION

In conclusion, article VIII, section 1 of the Texas Constitution provides, "[t]axation shall be equal and uniform. All real property and tangible personal property in this State, unless exempt as required or permitted by the Constitution, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law." TEX. CONST. art. VIII, §§ 1(a) & (b). Subsections (f) and (g) of section 23.12 of the Texas Tax Code provide an inventory owner with the election of having his inventory appraised at its market value as of September 1 of the preceding year, instead of

10. *Compare, Ford Motor Co. v. Michigan State Tax Comm.*, 400 Mich. 499, 255 N.W.2d 608 (1977); *Ford Motor Co. v. Michigan State Tax Comm.*, 63 Mich.App. 577, 234 N.W.2d 711 (1975); MICH.COMP.LAWS ANN. § 211.13 (West 1986) (Finding a system in which a property owner may elect to have its inventory valued on an average monthly basis instead of the single tax date of December 31 was constitutionally

uniform so long as all inventory owners had the same choice and were taxed at the same rate after the election.). *See also, Jeld–Wen, Inc. v. Dept. of Revenue*, 5 Or.Tax 358, 1973 WL 1060; OR.REV STAT. § 308.292(2) (1992) (Permitting taxpayer to elect to use the average inventory method instead of the mandatory year-end method for valuing its property.).

the normal appraisal date of January 1. Thus, the issue presented to this court is whether a statute that allows a narrow class of property owners—inventory owners—to choose between two different valuation dates so that they may minimize their tax burden violates the Texas constitutional principles of equality and uniformity of taxation. While mindful of the presumption of constitutionality, we must find the statute unconstitutional because it gives unequal treatment to inventory and non-inventory property owners, it discriminates between inventory owners by giving an arbitrary benefit to some, it fails to adhere to the principle of using only one value for property, and it improperly exempts property from taxation.

We reverse the judgment of the trial court and declare Subsections (f) and (g) of Section 23.12 of the Texas Tax Code unconstitutional. We remand this matter to the trial court for further consideration consistent with our decision.