**H.E. BUTT GROCERY COMPANY, Petitioner**

v.

**JEFFERSON COUNTY APPRAISAL DISTRICT, Respondent.**

No. 95–1218.

Supreme Court of Texas.

May 10, 1996.

Charles J. Muller, III, Farley P. Katz and Anthony E. Rebollo, San Antonio, for petitioner.

Thomas L. Hanna, Beth Lazenby and Keith William Foley, Beaumont, for respondent.

## OPINION

ON APPLICATION FOR WRIT OF ERROR TO THE COURT OF APPEALS FOR THE NINTH DISTRICT OF TEXAS

PER CURIAM.

This case presents the question of the constitutionality of a Tax Code provision that allows the market value of inventory to be appraised as of September 1 of the preceding tax year or January 1 of the applicable tax year at the election of the taxpayer. In accordance with our decision today in *Enron Corp. v. Spring Independent School District*, 922 S.W.2d 931 (Tex.1996), we hold that the provision does not violate sections 1(a) or 2 of article VIII of the Texas Constitution. We therefore reverse the judgment of the court of appeals, —— S.W.2d —— [1995 WL 584518], and render judgment for the taxpayer.

Pursuant to section 23.12(f) of the Texas Tax Code, H.E. Butt Grocery Store Company elected to have all of its inventory located in Jefferson County, Texas appraised for 1992 ad valorem tax purposes at the proper-

ty's market value as of September 1, 1991.[1] HEB made this election by filing State Property Tax Board Form 23.12(f) with the Jefferson County Appraisal District on July 30, 1991.[2] Under the "Description of Inventory" section of the form, HEB listed both "TOTAL GROCERY STORE INVENTORY" and "TOTAL VIDEO STORE INVENTORY." HEB attached a listing of the locations of its inventory, designating seven property sites located in several different taxing units within the Jefferson County Appraisal District.

On the date that HEB filed its election, all of HEB's inventory in the Jefferson County Appraisal District was located at one site, the Beaumont No. 1 Store. HEB owned five of the six other parcels of land identified in the application and was developing those sites for use as HEB grocery stores. By January 1, 1992, it had opened new stores at five of those sites.[3] HEB does not dispute that the value of its inventory in the Jefferson County Appraisal District increased between September 1, 1991, and January 1, 1992.

The Appraisal District granted HEB's application to value the inventory in the Beaumont No. 1 store as of September 1, 1991. However, the Appraisal District denied HEB's application as to inventory that HEB acquired after September 1, 1991, for the new store sites. Rather, for 1992 tax purposes, the Appraisal District valued all of the inventory at the new stores as of January 1, 1992.

HEB filed a petition for review of the Appraisal District's valuation in district court pursuant to section 42.21 of the Texas Tax Code. The trial court granted HEB's motion for summary judgment, holding that the Appraisal District's "use of a January 1, 1992 valuation date for HEB's grocery store inventory amounted to an unlawful denial of HEB's election for a September 1, 1991 valuation date."

The Appraisal District appealed, contending that the trial court had erred in construing section 23.12(f) to allow HEB to elect an alternative valuation date for stores that were not in operation as of September 1, 1991. The Appraisal District further argued that section 23.12(f) of the Tax Code is unconstitutional because it results in an unconstitutional exemption from taxation under section 2 of article VIII of the Texas Constitution.[4] Finally, the Appraisal District argued that section 23.12(f) violates the requirement in section 1(a) of article VIII of the Texas Constitution that taxation be equal and uniform.[5]

---

1. Section 23.12(f) of the Tax Code provides:

   (f) The owner of an inventory may elect to have the inventory appraised at its market value as of September 1 of the year preceding the tax year to which the appraisal applies by filing an application with the chief appraiser requesting that the inventory be appraised of September 1.
   Acts 1989, 71st Leg., R.S., ch. 796, § 16, 1989 Tex.Gen.Laws 3591, 3596 (amended 1993 and 1995) (current version at TEX.TAX CODE § 23.12(f). Because the 1993 and 1995 amendments are not at issue in this case, we cite to the 1989 version of the statute as section 23.12(f) throughout this opinion. *See* Acts 1993, 73rd Leg., R.S., ch. 672, § 1, 1993 Tex. Gen.Laws 2501; Acts 1995, 74th Leg., R.S., ch. 836, § 1, 1995 Tex.Gen.Laws 4231; Acts 1995, 74th Leg., R.S., ch. 945, § 1, 1995 Tex. Gen.Laws 4727.

2. In order to elect September 1 as a valuation date for taxes to be assessed in the following year, an inventory owner must file his election by July 31st of the year preceding the assessment.

*See* TEX.TAX CODE § 23.12(f). HEB's election was therefore timely filed.

3. HEB did not open a store on the site it did not own, and therefore did not acquire any inventory at that site.

4. Section 2(a) of article VIII lists certain exemptions from taxation and then provides:

   (a) ... [A]ll laws exempting property from taxation other than the property mentioned in this section shall be null and void.
   TEX. CONST. art. VIII, § 2(a). Grocery and video store inventory is not exempted from taxation under our Constitution.

5. Section 1 of article VIII provides:

   **§ 1. Equality and uniformity; tax in proportion to value; income tax; exemption of certain tangible personal property from ad valorem taxation**
   Sec. 1. (a) Taxation shall be equal and uniform.
   (b) All real property and tangible personal property in this State, unless exempt as re-

The ninth court of appeals agreed with the Appraisal District, holding that section 23.12(f) violates article VIII, section 1(a) of our state Constitution, and expressly adopted the opinion of the fourteenth court of appeals in *Spring Independent School District v. Harris County Appraisal District*, 889 S.W.2d 562 (Tex.App.—Houston [14th Dist.] 1994), reversed by our Court today, *Enron Corp. v. Spring Independent School District*, 922 S.W.2d 931 (Tex.1996).[6]

■ Our decision in *Enron* controls this case. In *Enron*, we rejected the argument that section 23.12(f) results in an unconstitutional exemption of property simply because the volume and value of a taxpayer's inventory might increase after the September 1 valuation date. *Enron*, 922 S.W.2d at 940–941. Section 23.12(f) is not an exemption from taxation but rather a provision for an alternative valuation date. As we have noted, "[a]ny fixed tax date can result in increased value escaping taxation." *Id.* For example, under the January 1, 1992 valuation date, if HEB stocked the shelves of its new stores on January 15, 1992, the inventory still would not be subject to ad valorem taxation in the 1992 tax year.

■ We reject the Appraisal District's contention that the trial court erred in allowing HEB's September 1, 1991 election date to apply to inventory in stores that were not in operation on that date. The fact that the property at issue in this case is located in different areas of the Appraisal District, and even within different taxing units within the Appraisal District, makes no difference under the terms of section 23.12(f). HEB's property within Jefferson County Appraisal District has but one owner. The statute at issue makes eligibility for the September 1 valuation date dependent on whether the in-ventory owner has property in a district, rather than the existence of property in any particular taxing unit: "The owner of an inventory may elect to have the inventory appraised at its market value as of September 1 of the year preceding the tax year to which the appraisal applies by filing an application with the chief appraiser...." TEX. TAX CODE § 23.12(f). The Tax Code sets up a single system in which each central appraisal district appraises all property within each district. Section 6.01(b) of the Code provides that each central district "is responsible for appraising property in the district for ad valorem tax purposes of each taxing unit that imposes ad valorem taxes on property in the district." TEX.TAX CODE § 6.01(b). HEB, as the owner of inventory in the Jefferson County Appraisal District, complied with the terms of section 23.12(f) by clearly identifying the property it owned within the Appraisal District and therefore has qualified for the September 1 valuation date.

■ Nor does section 23.12(f) result in an unconstitutional classification of property in this case. As we noted in *Enron*, "the Legislature may constitutionally draw distinctions in the manner in which market value of property is determined for ad valorem tax purposes as long as the classifications are not unreasonable, arbitrary, or capricious." *Enron*, 922 S.W.2d at 936. The Legislature's provision of an alternative tax date for the valuation of the inventory at the election of the taxpayer is not unreasonably arbitrary or capricious:

> States, like Texas, that allow the taxpayer to make an election have given priority to other goals. The policy embodied in section 23.12(f) reflects a decision by the Legislature to allow any difference in the value of inventory on the two different dates to

---

quired or permitted by this Constitution, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law.
TEX. CONST. art. VIII, § 1(a) and (b).

6. Apparently, in adopting the opinion of the fourteenth court of appeals in the *Enron* case, the court of appeals in this case held that section 23.12(f) was unconstitutional on several grounds that were not raised by the Jefferson County Appraisal District. In this opinion, we address only the constitutional issues raised by the parties to this case.

inure to the benefit of the taxpayer, rather than the coffers of the state. The Legislature also could reasonably have concluded that generally, there are greater fluctuations in the value of inventory over the course of a year than in the value of other property. Some inventories may be subject to seasonal fluctuations, as an example.

*Id.* at 939. The specific inventory at issue in this case is that of a general grocery store, which provides the daily essentials of food and dry goods to the citizens of our state. Section 23.12(f) does not violate section 1(a) of article VIII of the Texas Constitution.

\*    \*    \*    \*    \*    \*

Accordingly, pursuant to Texas Rule of Appellate Procedure 170, without hearing oral argument, this Court reverses the judgment of the court of appeals and renders judgment for H.E. Butt Grocery Company.