IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
March 18, 2003 Session

## STATE OF TENNESSEE v. DARLENE RENEE BLACKHURST

**Direct Appeal from the Criminal Court of Sullivan County**
**No. S42,421     R. Jerry Beck, Judge**

_____

**No. E2002-01249-CCA-R3-PC**
**August 12, 2003**
_____

On January 10, 2000, Defendant, Darlene Renee Blackhurst, pled guilty to a second offense of driving under the influence of an intoxicant ("DUI"), leaving the scene of an accident involving injury, and three counts of reckless aggravated assault. Following a sentencing hearing, the trial court imposed an effective sentence of three years, eleven months and twenty-nine days and ordered the sentence to be served on intensive supervised probation following a mandatory forty-five days in confinement for the DUI second offense. The State appealed the trial court's grant of full probation. After a *de novo* review, this Court reversed the trial court's judgment regarding the manner of service of Defendant's sentence and remanded the matter to the trial court for the limited purpose of determining whether Defendant should be incarcerated for the full term of her sentence, or, in the alternative, whether she should serve the balance of her sentence in split confinement. We directed the trial court to base its sentencing determination as to the manner of service of Defendant's sentence on the current record without a further evidentiary hearing. *State v. Blackhurst*, 70 S.W.3d 88 (Tenn. Crim. App. 2001). On remand, the trial court found that Defendant was not entitled to alternative sentencing and ordered Defendant to serve her sentence in confinement. Defendant now appeals her sentence arguing that (1) the trial court erred in denying Defendant's request for alternative sentencing; (2) the trial court erred in not considering additional evidence concerning Defendant's post-sentencing behavior; (3) that the trial court erred in not allowing Defendant credit for the time served on probation prior to resentencing; and (4) that the trial court improperly weighed the applicable mitigating and enhancement factors in determining the manner of service of Defendant's sentence. After a thorough review of the record in this matter, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Richard A. Spivey, Kingsport, Tennessee, for the appellant, Darlene Renee Blackhurst.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and James Goodwin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## 1. Procedural Background

Defendant's convictions arose out of an automobile accident on December 5, 1998. That evening, Defendant exited the interstate and struck the victims' car causing serious bodily injury to the three occupants. Defendant immediately left the scene of the accident without assisting the victims or ascertaining the extent of their injuries. Defendant was later apprehended after a second accident in which she struck a guardrail and mailbox. Defendant's blood alcohol level was determined to be 0.23.

Defendant pled guilty to three counts of reckless aggravated assault, a Class D felony; one count of leaving the scene of an accident with injury, a Class A misdemeanor; and a second offense DUI, a Class A misdemeanor. Pursuant to the terms of a negotiated plea agreement, the trial court imposed concurrent three-year sentences for each of the felonies, and concurrent eleven month, twenty nine days sentences for each of the misdemeanor convictions. The felony sentences were to be served consecutively to the misdemeanor sentences for an effective sentence of three years, eleven months and twenty-nine days, with a minimum of forty-five days mandatory confinement for the DUI conviction.

The trial court held a sentencing hearing to determine the manner of service of Defendant's sentence. The trial court concluded that Defendant's good work record, the ownership of her home and her relatively good health served as positive factors. As a negative factor, the trial court considered Defendant's prior criminal record. The trial court also concluded that a victim's impact testimony could only be considered for purposes of determining the applicability of the statutory mitigating and enhancement factors and was limited to the information contained in the victim's written impact statement. After balancing the positive and negative factors, the trial court determined that Defendant was entitled to alternative sentencing and ordered Defendant to serve the balance of her sentence on intensive supervised probation. The State appealed arguing first that the trial court improperly limited its consideration of the victim's testimony in its sentencing determinations and, secondly, that the trial court erred in granting Defendant full probation.

On appeal, we agreed with the State that the trial court misunderstood the role of a victim's impact testimony in sentencing determinations. We concluded that a trial court should consider and properly weigh in its sentencing determinations any relevant evidence provided by the victim concerning not only enhancement and mitigating factors, but also the nature and circumstances of the offense, arguments as to sentencing alternatives, sentencing principles or any other sentencing consideration. *State v. Blackhurst*, 70 S.W.3d 88, 95 (Tenn. Crim. App. 2001), citing *State v. Ring*, 56 S.W.3d 577, 583 (Tenn. Crim. App. 2001). Because we concluded that the trial court misapplied

the law concerning the consideration of a victim's testimony in its sentencing determinations, our review of Defendant's sentencing was *de novo* without a presumption of correctness.

Based upon our *de novo* review, this Court determined that Defendant had failed to establish her suitability for full probation but did so on sentencing considerations other than the victim's testimony. The record revealed that Defendant had a history of alcohol abuse as evidenced by her prior DUI convictions yet had made no efforts to seek help for this problem. In addition, Defendant did not disclose an additional DUI conviction in North Carolina when the pre-sentence report was prepared. Despite two prior DUI convictions and one prior conviction for leaving the scene of an accident, Defendant had only spent a total of forty-eight hours in confinement thus evidencing that measures less restrictive than confinement had proven unsuccessful in altering Defendant's criminal conduct. Finally, this Court found that "the record contain[ed] ample evidence that Defendant's actions were sufficiently reprehensible and offensive to deny full probation." *Blackhurst*, 70 S.W.3d at 98. Accordingly, we remanded the matter to the trial court for the limited purpose of determining whether Defendant's sentence should be served by split confinement or total incarceration. *Id.* The trial court was directed to base its determinations on this Court's conclusions on appeal, the current record and the considerations in Tennessee Code Annotated section 40-35-103 without conducting any further evidentiary hearings. *Id.* at 99.

On remand, Defendant requested the opportunity to introduce evidence concerning her exemplary conduct and successful completion of the conditions of her probation since her initial sentencing hearing. The trial court denied Defendant's request for an evidentiary hearing but pursuant to Rule 103 of the Tennessee Rules of Evidence allowed Defendant to offer the testimony of her probation officer, daughter and sister, as well as make a statement in her own behalf. At the conclusion of Defendant's offer of proof, the trial court declined to include consideration of Defendant's post-sentence conduct within its determinations. The trial court adopted all of its previous findings not in conflict with the opinion of this Court as well as all of the findings articulated by this Court on appeal. The trial court also considered the victim's testimony at the prior sentencing hearing concerning the financial, physical and emotional difficulties caused by Defendant's conduct. Although the trial court noted that Defendant was entitled to a presumption of alternative sentencing even on remand, the trial court determined that the negative factors outweighed the positive factors and ordered Defendant to serve her sentence in confinement.

## 2. Standard of Review

When a defendant challenges the length or the manner of service of his or her sentence, this Court must conduct a *de novo* review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d); *State v. Imfeld*, 70 S.W.3d 698, 704 (Tenn. 2002). This presumption, however, is contingent upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999). If the record fails to show such consideration, the review of the sentence is purely *de novo*. *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In making its sentencing determinations the trial court must consider: (1) the evidence presented at the trial and sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct; (5) any appropriate enhancement and mitigating factors; (6) the defendant's potential or lack of potential for rehabilitation or treatment; and (7) any statements made by Defendant in his own behalf. Tenn. Code Ann. §§ 40-35-103 and -210; *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995). If the trial court has imposed a lawful sentence by following the statutory sentencing procedure, given due consideration and proper weight to the factors and sentencing principles, and made findings of fact adequately supported by the record, this Court may not modify the sentence even if it would have preferred a different result. *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The defendant bears the burden of showing that his sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

### 3. Denial of Alternative Sentencing

Defendant's primary argument rests upon her conclusion that the trial court did not properly follow this Court's mandate. Defendant contends first that the trial court made no finding that the State had rebutted the presumption that Defendant is entitled to alternative sentencing. Secondly, Defendant argues that the trial court erred in not considering evidence at the resentencing hearing concerning Defendant's post-sentence conduct which Defendant submits is highly probative that she is a good candidate for alternative sentencing.

Because Defendant does not fall within the class of offenders for whom incarceration is a priority and is a standard offender convicted of a Class D felony, Defendant is presumed to be an eligible candidate for alternative sentencing. Tenn. Code Ann. §§ 40-35-102(5) and (6). If the trial court, however, is presented with evidence sufficient to overcome the presumption, then it may sentence a defendant to confinement. *Ashby*, 823 S.W.2d at 169. Each case is determined on its own facts and circumstances. *State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

Although Defendant argues that the trial court improperly weighed the mitigating and enhancement factors in arriving at its determination that she should be denied alternative sentencing, the weight attributed to each factor is in the discretion of the trial court so long as the record supports its findings and the findings comply with sentencing principles. *State v. Carter*, 908 S.W.2d 410, 412 (Tenn. Crim. App. 1995) *perm. to appeal denied* (Tenn. 1995). The weight placed on one factor by the trial court may vary from that assigned to another, and the legislature has specifically declined to assign a numerical value to mitigating and enhancement factors. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-210; *State v. Boggs,* 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996) *perm. to appeal denied* (Tenn. 1996). Tenn. Code Ann. § 40-35-113. Defendant points out that the trial court found as positive factors that Defendant was employed, in relatively good health and expressed some remorse over her conduct. Tenn. Code Ann. § 40-35-113(13). Defendant argues that the single enhancement factor based on Defendant's prior criminal record does not outweigh the mitigating factors. *Id.* -114(1).

At the sentencing hearing, the trial court did not make a specific finding as to the weight given to the mitigating and enhancement factors. Consideration of mitigating and enhancement factors, however, is only one part of the equation used to determine Defendant's sentence. The trial court began its considerations by noting that Defendant was entitled to the presumption that she is entitled to alternative sentencing. The trial court then considered all of the negative and positive factors contained in the current record, Defendant's prior criminal record and the victim's testimony concerning the emotional, physical and financial impact of Defendant's conduct. Based on these considerations, the trial court determined that confinement was the appropriate sentence.

A trial court may determine if incarceration rather than alternative sentencing is appropriate if the evidence shows that:

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . .

Tenn. Code Ann. § 40-35-103(1)(A)-(C). In its determinations, the trial court may also consider the defendant's potential or lack of potential for rehabilitation and any mitigating or enhancement factors that are relevant to sentencing. Tenn. Code Ann. § 40-35-103(5), 40-35-210(b)(5); *State v. Boston*, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996).

The evidence before the trial court clearly indicated that measures less restrictive than confinement had been unsuccessful in the past based on Defendant's prior convictions for similar offenses. Tenn. Code Ann. 40-35-103(1)(C). Although Defendant had spent only a minimum time in confinement, she continued to engage in the same criminal behavior that was reflected in the current offenses. A trial court may also consider whether the defendant has previously engaged in criminal conduct of the same type as the current offense in determining whether incarceration is necessary for the specific deterrence of the defendant. *Id.* -103(1)(C); *State v. Hooper*, 29 S.W.3d 1, 12 (Tenn. 2000). Moreover, Defendant's lack of candor concerning her criminal record during the preparation of the pre-sentence report reflects negatively on her potential for rehabilitation. *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983); *State v. Nunley*, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999). Although Defendant was charged with and pled guilty to a second DUI offense, the current offense was actually her third DUI conviction.

Finally, the trial court specifically adopted this Court's finding on appeal that Defendant's actions were sufficiently offensive and reprehensible to require some period of confinement in order to avoid depreciating the seriousness of the offense. Tenn. Code Ann.§ 40-35-103(1)(B). *See State v. Fields*, 40 S.W.3d 435, 441 (Tenn. 2001) (A finding that the nature and circumstances of the offense are especially "reprehensible [or] offensive" may sufficiently rebut the presumption that

Defendant is entitled to alternative sentencing if the nature of the offense outweighs all other factors.)

Based on our review of the record, we find that the evidence was sufficient to rebut the presumption that Defendant is entitled to alternative sentencing. Defendant is not entitled to relief on this issue.

## 4. Failure to Conduct an Evidentiary Hearing

Defendant contends next that the trial court erred in not granting her request for an evidentiary hearing for the purpose of introducing evidence concerning Defendant's post-sentence conduct. Defendant argues that this Court's directive merely relieved the trial court of the need to hold an evidentiary hearing but did not prohibit the trial court's consideration of additional evidence if it chose to do so. Even if a further evidentiary hearing were prohibited, Defendant argues that the prohibition banned the introduction of evidence already available at the time of Defendant's sentencing and not evidence as to events transpiring since the State's appeal. We disagree with both of Defendant's interpretations. This Court's mandate to the trial court to base its sentencing determinations on the record then available could not be clearer.

"The appellate court directs actions and dictates results through its orders, judgments, and mandates" and may limit the scope of a remand. *State v. Williams*, 52 S.W.3d 109, 123 (Tenn. Crim. App. 2001); *State v. Irick*, 906 S.W.2d 440, 443 (Tenn. 1995); *Cook v. McCullough*, 735 S.W.2d 464, 470 (Tenn. App. 1977). Such orders and mandates are controlling, and the lower court does not have "the authority to expand the directive or purpose of [the higher] court imposed upon remand." *State v. Weston*, 60 S.W.3d 57, 59 (Tenn. 2001); *Cook*, 735 S.W.2d at 470. Otherwise, "'[t]here would be no finality or stability in the law and the court system would be chaotic in its operation and unstable and inconsistent in its decision.'" *Irick*, 906 S.W.2d at 443, (quoting *Barger v. Brock*, 535 S.W.2d 337, 341 (Tenn. 1976)).

On appeal, we directed the trial court as follows:

> In sum, we cannot find that full probation is in the best interest of the defendant or the public. Whether the factors favoring a sentence involving split confinement generally outweigh the factors favoring continuous confinement in this case have not been fully analyzed. Accordingly, we remand this matter to the trial court to order either split confinement for the balance of the sentence or total incarceration. The trial court should make this determination in light of our conclusions above, all of the testimony previously heard at the sentencing hearing, and the sentencing considerations in Tennessee Code Annotated section 40-35-103. The trial court's decision should be based upon the current record. No further evidentiary hearings are necessary.

*Blackhurst*, 70 S.W.3d at 98-9.

This Court's remand to the trial court clearly limited the issue on remand to whether Defendant should serve her sentence in split confinement or total incarceration based on the then current record. The trial court correctly determined that it was not at liberty to reopen Defendant's sentencing on remand nor consider any additional evidence presented by Defendant in its sentencing determinations. Defendant is not entitled to relief on this issue.

## 5. Credit for Probationary Service

Defendant next contends that she should be given credit against the sentence of confinement imposed by the trial court at the resentencing hearing for the time she spent on intensive probation during the pendency of the State's appeal. At the resentencing hearing, Defendant's probation officer, Frank Murray, stated that Defendant commenced her probation in August, 2000. Between that time and the date of the resentencing hearing, Mr. Murray informed the trial court that Defendant had complied with all of her conditions of probation initially imposed by the trial court including the completion of her community service hours, payment of court costs, and the passing of all drug tests.

The record indicates that Defendant was indicted on March 31, 1999 and entered a guilty plea to the offenses charged on January 10, 2000. On March 13, 2000, Defendant filed an appearance bond. A sentencing hearing was held on June 30, 2000 after which the trial court ordered Defendant to serve her sentence on intensive probation. The State filed an appeal on July 26, 2000 challenging the trial court's grant of full probation. Generally, at the time that Defendant was initially sentenced, if a defendant who is not otherwise disqualified has been admitted to bail prior to his or her arrest or indictment, the bail bond continues through appellate review unless the trial court, the court of criminal appeals or the supreme court orders the defendant to post additional bail or submit a new bail bond. Tenn. Code Ann. § 40-11-113(a)(2).

On appeal, Defendant argues that she is entitled to credit against her sentence for the time she spent on probation from August 2000 to May 2002. A defendant is responsible for his or her entire sentence without any credits except those specifically permitted by statute, none of which apply to Defendant's situation. *See* Tenn. Code Ann. §§ 40-35-211, 40-23-101 relevant to pretrial jail credit, 33-5-306 and 33-7-102 relevant to medical treatment and 40-23-101 relevant to prisoner sentence reduction credits. A probation sentence is not credited in the same manner as a sentence of incarceration because the two sentences are not equivalent. Obviously, "probation is a significantly less severe restraint of liberty than incarceration." *State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999). The time a defendant spends on probation, therefore, is not counted toward completion of a defendant's sentence unless the entire term of the probation is completed. *Id.*, citing *State v. Taylor*, 922 S.W.2d 941 (Tenn. 1999). Extending Defendant credit against her sentence of incarceration for the period spent on probation would essentially allow Defendant to serve her sentence in split confinement rather than total incarceration as ordered by the trial court. Defendant is not entitled to relief on this issue.

# CONCLUSION

After of careful review of the record and the arguments of counsel, we affirm the judgment of the trial court.

_____

THOMAS T. WOODALL, JUDGE