# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

March 30, 2011

The Honorable Jeff Wentworth
Chair, Select Committee on
    Open Government
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0852

Re: Meaning of the term "enacted revenue measures" for purposes of section 17.10 of article IX of the 2010–2011 General Appropriations Act, which relates to the funding of rail relocation and improvement (RQ-0925-GA)

Dear Senator Wentworth:

You ask about the meaning of the term "enacted revenue measures" for purposes of section 17.10 of article IX of the 2010–2011 General Appropriations Act, which relates to the funding of rail relocation and improvement.[1]

Article IX, section 17.10(a) of the current General Appropriations Act allocates $91 million per year for state fiscal years 2010 and 2011 from the State Highway Fund to the Texas Rail Relocation and Improvement Fund for purposes authorized by Texas Constitution article III, section 49-o. *See* General Appropriations Act, 81st Leg., R.S., ch. 1424, art. IX, § 17.10(a), 2009 Tex. Gen. Laws 4483, 5374 (the "Appropriations Act"). The allocation is contingent on a "finding of fact" issued by the Comptroller of Public Accounts (the "Comptroller") that certain "items result in a net increase for the 2010–2011 state fiscal biennium of at least $182 million over the 2008–2009 state fiscal biennium." *Id.* § 17.10(b). The item in question here is as follows:

> (1) the net impact of *enacted revenue measures* on incoming revenue of the State Highway Fund that is not dedicated under Article 8, Section 7-a of the Texas Constitution;

*Id.* § 17.10(b)(1) (emphasis added).

You ask specifically whether sources of revenue for the State Highway Fund 006 listed in the Appropriations Act constitute "enacted revenue measures" within the meaning of article IX,

---

[1]*See* Letter from Honorable Jeff Wentworth, then Chair, Select Committee on Veterans' Health, Eighty-first Legislature, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Oct. 19, 2010) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

§ 17.10(b)(1). Request Letter, *supra* note 1, at 1. You state that the Comptroller's ability to make the required findings of fact turns on the legal meaning of the term "enacted revenue measures" as used in article IX, section 17.10(b)(1) of the Act. *Id.* at 2. The Office of the Comptroller opines that the determination under section 17.10(b)(1) requires an analysis of net impact limited to enactments promulgated by the Eighty-first Legislature.[2] You contend, however, that "the term refers to measures passed by the Legislature that place revenue into State Highway Fund 006, regardless of when such measures were enacted." Request Letter, *supra* note 1, at 2.

The Appropriations Act does not define the term "enacted revenue measure," nor are we aware of any other statute, rule, judicial opinion or administrative opinion that defines the term. We observe, however, that section 17.10(b)(1) by its terms does not limit the determination of the net impact of "enacted revenue measures" only to new revenue legislation.[3] The word "enacted" denotes a time in the past, but it does not suggest any further temporal restriction. Construing the phrase as limited to newly enacted revenue measures would add a qualifier that is not in the statute. Ordinarily, courts do not "insert additional words into a statutory provision." *Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 552 (Tex. 1981).[4] Moreover, courts presume that the Legislature chooses its words carefully, that each word in a statute is included for a purpose, and that words not included were purposefully excluded. *Kappus v. Kappus*, 284 S.W.3d 831, 835 (Tex. 2009); *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008). Had the Legislature intended to limit the Comptroller's determination to revenue measures enacted by the Eighty-first Legislature, it could easily have done so. *See, e.g.*, Appropriations Act, art. IX, §§ 17.25–.121, 2009 Tex. Gen. Laws 4483, 5378–97. (providing appropriations contingent on various legislation by the "Eighty-first Legislature"). We conclude that legislative enactments which provide for incoming revenue for the State Highway Fund constitute "enacted revenue measures" under article IX, section 17.10(b)(1) of the Appropriations Act, regardless of when they were enacted. Whether the items described in

---

[2]*See* Brief from Ashley Harden, General Counsel, Texas Comptroller of Public Accounts, at 1 (Nov. 8, 2009) (stating that "the Section 17.10(b)(1) test focuses on the enactment of *additional* revenue measures and not on the increase in appropriations levels" (emphasis added)) (on file with the Opinion Committee) [hereinafter Comptroller's Brief].

[3]In this context, a "measure" can refer to an existing statute or to a legislative proposal such as a bill. *See* TEX. GOV'T CODE ANN. § 572.059(a) (West 2004) (defining "legislative measure" to include "a bill, resolution, order, or other proposal to adopt, enact, amend, or repeal a statute, ordinance, rule, or policy of general application" and certain other proposals); *Calvert v. McLemore*, 358 S.W.2d 551, 552 (Tex. 1962) (determining that statutory tax on entertainment tickets was "plainly a revenue measure" rather than a regulatory measure); Tex. Att'y Gen. Op. No. JC-0093 (1999) at 6 (noting that statutes for user fees designed as reimbursement for use of government-owned facilities are not true "revenue measures").

[4]The Office of the Comptroller states that it bases its construction of article IX, section 17.10(b)(1) consistently with judicial and administrative authorities that consider the meaning of "revenue measure." Comptroller's Brief at 1 (citing *Hurt v. Cooper*, 110 S.W.2d 896 (Tex. 1937); Tex. Att'y Gen. Op. Nos. JC-0093 (1999), M-443 (1969), M-370 (1969), WW-1482(1962), WW-714 (1959), WW-694 (1959)). In the authorities cited, the issue generally was whether a particular measure was a tax statute or a licensing statute, and they do not illuminate the issue of whether "enacted revenue measures" should be construed as "the enactment of *additional* revenue measures." Comptroller's Brief at 1 (emphasis added).

section 17.10(b) produce the "net increase" required for the appropriation in section 17.10(a) remains a matter for determination by the Comptroller, involving questions of fact beyond the purview of the opinion process. *See* Appropriations Act, art. IX, § 17.10(a–b), 2009 Tex. Gen. Laws 4483, 5374; Tex. Att'y Gen. Op. No. GA-0485 (2006) at 4 (observing that questions involving issues of fact are outside the attorney general opinion process).

## S U M M A R Y

Legislative enactments that provide incoming revenue for the State Highway Fund constitute "enacted revenue measures" under article IX, section 17.10(b)(1) of the Appropriations Act, regardless of when they were enacted.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee